**CARMACK v CARMACK et**

Ohio Probate Court, Tuscarawas Co

Decided Dec 29, 1936

J. S. Hare, Dennison, for plaintiff.
Stevens & Harrison, Uhrichsville, for the claimants of inchoate dower.

**OPINION**

By LAMNECK, J.

William C. Ely died testate on May 18, 1936, and thereafter Isaac Carmack was appointed administrator with the will annexed by this court. The decedent not leaving sufficient personal property to pay his debts, the administrator brought a proceeding to sell his real estate to pay his debts. In this proceeding, the heirs were made parties but the respective spouses of the heirs were not. An answer was filed in their behalf, asking that they be allowed their inchoate right of dower out of the proceeds of the sale. The administrator contends, by demurrer, that they are not proper parties and have no present interest in the proceeds.

Under former §8606, GC, a surviving spouse was entitled to dower "in one-third of all the real property of which the deceased consort was seized as an estate of

inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had at decease, in any real property held by article, bond, or other evidence of claim."

Under §10502-1, GC, all dower interests now terminate and are barred upon the death of the consort except as to conveyances and as to encumbrances "by mortgage, judgment, lien (except tax lien), or otherwise, or aliened during the marriage by judicial or other involuntary sale, the surviving spouse not having relinquished or been barred of dower therein."

Under the former statute, it was held in partition suits and appropriation cases that one having an inchoate right of dower was not a proper or necessary party and had no right to participate in the fund arising from the sale (Weaver v Gregg, 6 Oh St 547; Long v Long, 99 Oh St 330). The reasoning in these decisions also applied to proceedings to sell a decedent's real estate to pay his debts.

It is now contended that the insertion of the words "aliened during the marriage by judicial or other involuntary sale" in the statute gives a right of inchoate dower in partition cases, appropriation cases, and in proceedings to sell a decedent's lands to pay his debts.

The right to inchoate dower in land sold in judicial sales where the spouse had not released it, existed under the former statute.

Prior to 1858, the statutes of this state did not require mortgagees or other lien holders to be made parties to the petition of an administrator or executor for the sale of lands for the payment of debts. It was repeatedly held that the purchaser at such sales, when the proceedings were in conformity to the statute then in effect, would hold the premises discharged of all liens, whether arising under mortgages or judgments even though the lien holders were not made parties to the proceeding. The priority of liens under the statute then in effect was transferred to the fund arising from the sale of the land. (Defrees v Greenham, 11 Oh St 486; Holloway v Stuart, 19 Oh St 472).

Consequently only such persons are required to be made parties to a proceeding to sell a decedent's real estate to pay his debts, as the statute specifies.

Sec 10510-15, GC, does not require that the spouse of an heir be made a party to

an executor's or administrator's proceeding to sell real estate to pay debts unless it is included in Item 6, which reads "all other persons having an interest in such real estate."

The dower interest of a spouse in an heir's share in a decedent's real estate, if such interest exists at all during administration proceedings, is inchoate. Inchoate means that which is not yet completed or finished. It does not ripen into a right unless the one possessing such potential right in the property of another shall survive, under the conditions set forth in the statute.

Under §11038 et seq., GC, relating to appropriation proceedings, it is provided that all persons having or claiming an interest, legal or equitable, in the real estate, shall be made parties defendant. Under these statutes it was held that a spouse of an owner was not required to be made a party defendant. (Long v Long, 99 Oh St 330).

In Weaver v Gregg, 6 Oh St 547, it was held that a person claiming an inchoate right of dower does not have an interest, legal or equitable, in real estate, and, therefor, was not required in the absence of a specific statute to be made a party defendant in a partition proceeding because of the contingent nature of an inchoate dower right.

Even in judicial sales where the spouse had not released an inchoate dower right, it has been held that such spouse is not a necessary party, nor even a proper party. (Jewett v Feldheiser, 68 Oh St 523).

In Jewett v Feldheiser, 68 Oh St 523, supra, a creditor who held a judgment lien caused the sale of land to enforce his lien. The spouse was a party to the proceeding, but had not released the inchoate right of dower. The court held that even though the spouse was made a party, such spouse was not a necessary, nor even a proper party, and that any action taken in such a case could not deprive a spouse of such spouse's inchoate right of dower. Consequently, at the death of the owner whose interest was sold at a judicial sale during his life time, the spouse was entitled to dower.

The court must, therefore, conclude that the term "all other persons having an interest in such real estate," does not include a person having a possible inchoate dower right, and that such a person is neither a proper nor necessary party in a proceeding to sell a decedent's real estate to pay his debts. We know of no provision

of law by which an inchoate dower right can be sold or levied upon unless the spouse has released such right. Unless such right has been released, no action can be taken against a spouse to alienate such right or to determine its value, if such right exists, without the spouse's consent.

There is no provision in §10502-1, GC, defining dower, which authorizes it, nor is there any such provision in §10510-1, GC, et seq., authorizing the sale of a decedent's real estate.

There is no provision by which a spouse may enforce an inchoate dower right before the death of the consort. A contingent interest exists, which may be released, but no property right exists which is the subject of grant, sale, encumbrance, or assignment. (Miller v Woodman, 14 Ohio 518).

After dower vests, it may be petitioned for under §§12005, et seq., GC.

Even though the statute provides that a dower right exists where property is sold by judicial or other involuntary sale, we do not believe the legislature intended such language to include the spouse of an heir in a proceeding to sell a decedent's real estate to pay his debts.

If it did, and there being no provision by which such right could be divested without the consent of the spouse, even if made a party, a situation would obtain where it would be almost impossible to sell a decedent's real estate to pay his debts because all interests could not be disposed of. Numerous inchoate dower rights might exist under such a situation which could not be divested by any action the executor or administrator might take, without releases being voluntarily given.

A spouse's right of dower subsists by virtue of the seizin of the owner. This right is always subject to any encumbrance, infirmity, or incident, which the law attaches to the seizin, either at the time of the marriage or at the time the owner became seized. A liability to be divested by a sale in partition, is an incident which the law affixes to the seizin of all joint estates. In appropriation cases the owner is subject to be divested by the power of the arm of the government to take land for a public purpose. In land sales, an heir's ownership is subject to be divested by the executor or administrator's power to sell real estate to pay the debts of the deceased owner. In the absence of a specific statute, all inchoate rights of dower are subject to such infirmities or incidents of ownership.

We do not think the law should sanction the divesting of an inchoate dower right, at the will or caprice of the owner of the land, and this is not the law. But when the law steps in and divests the owner of his seizin due to an infirmity or incident of ownership which existed at the time the owner became seized of the property, or at the time of marriage, such act and policy of the law extinguishes an inchoate dower right in such property.

Under the provisions of §10510-46, GC, the surplus in proceedings to sell a decedent's real estate to pay his debts after the payment of the debts and costs of sale, is considered as real estate and must be disposed of accordingly.

By such provision and by virtue of past decisions, the inchoate right of dower of the spouse of an heir in a proceeding to sell a decedent's real estate to pay his debts is remitted to whatever inchoate right such spouse may have after the heir comes into actual possession of the proceeds.

This in no way affects the inchoate dower right of a spouse, in judicial or other involuntary sales where property is sold for an encumbrance or burden which did not exist at the time of seizin or marriage.

An inchoate dower right still exists as formerly in foreclosures, judgments, liens, etc., in which the spouse did not release such inchoate dower right and which became a burden after the seizin or marriage.

Until the legislature affirmatively establishes the right of a spouse of an heir to an inchoate right of dower in land, sold in a proceeding to sell a decedent's real estate to pay his debts, and provides how such right shall be determined, computed and divested, such spouse has no interest in the proceeds of such a sale until distribution has been made to the heir.

We do not think that such a provision would be desirable, because it would give a spouse a present dower right in the land sold and again an inchoate right in the proceeds of the sale. Such a doctrine would establish a double right, which in our opinion, was never intended by the legislature.

Consequently the spouse of an heir is not entitled to any part of the proceeds of the sale of land in a proceeding to sell a decedent's real estate to pay his debts.

Demurrer sustained and judgment entered accordingly.