**SMITH et, Appellants v. RYMKUS et, Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6187.  Decided May 3, 1943.

Mr. Joseph Lemkuhl, Cincinnati, and Mr. Charles S. Fur-
ber, Jr., Cincinnati, for appellants.
Mr. Francis A. Hoover, Cincinnati, for appellees.

## OPINION

By ROSS, P. J.

This is an appeal on questions of law and fact from a decree in partition entered by the Court of Common Pleas of Hamilton county.

The trial here is, therefore, de novo. In lieu of evidence an agreed statement of facts is presented to the court. From this it appears that one Antoni Rymkus died intestate on June 6, 1930, leaving surviving him a widow and seven children, two by a former wife and five by his second wife, the widow. For some reason, not apparent, the existence of the two children by the first wife was ignored by Joseph Rymkus, a child of the decedent and widow, who was appointed administrator of the father's estate. In the routine affidavits filed in the administration of the estate, no mention was made of the two children by the first wife.

The widow and the five children of the second marriage occupied the family homestead, the property herein involved, for some nine years. The following is a quotation from the agreed statement of facts:

"On November 18, 1939, the five children of the second marriage, conveyed their interests in the Rosemont Avenue property to their mother, by deed of general warranty, in which they stated that they were the true and lawful owners of the property. Mary Rymkus, one of said five children, a minor at the time of said conveyance, reached legal age on July 11, 1942.

"Mrs. Anna Rymkus then purchased a new home on Prosperity Place, Price Hill, and to finance it, she borrowed Seven Thousand Three Hunderd and Fifty ($7,350.00) Dollars from the First Federal Savings & Loan Association, and gave this building association a 'first mortgage' on the Rosemont Avenue property and also on the Prosperity Place property.

"Mrs. Rymkus moved into the Prosperity Place property about the latter half of November, 1939, and since that date, the Rosemont Avenue property has been for rent, although not always occupied. But between June 6, 1930, and the latter half of November, 1939, Mrs. Rymkus and her five children occupied the Rosemont Avenue property as their home."

On June 5th, 1940, the two children of the first marriage instituted the present partition proceeding which culminated in a decree for partition. Again; it is recited in the agreed statement of facts:

"This decree, entered December 19, 1940 (missing from the files at this time) found that plaintiffs were entitled to partition; that Anna Rymkus had a right of dower in an undivided fractional interest of the premises, and that the property should be sold free of said dower interest. The opinion of the lower court states: 'The decree containing the provision for dower in only an undivided portion of the real estate involved was submitted bearing the signatures of counsel then of record.' The original of this decree is missing from the files. The court's statement for the purpose of this appeal is assumed to be correct, although the counsel then handling the matter for Anna Rymkus does not remember whether she did or did not sign this decree."

Thereafter, the property was appraised, the appraisement confirmed, the property ordered sold and offered at public sale, which failed for lack of bidders. No objection was made by anyone to the sale. The widow and one of her attorneys were present.

Again, turning to the agreed statement of facts. It appears that:

"After the property failed to sell at sheriff's sale for the required two-thirds, namely, Three Thousand ($3,000.00) Dollars, an offer was filed in court, whereby a prospective purchaser offered Two Thousand Seven Hundred ($2,700.00) Dollars cash for the property.

"On September 15, 1941, Victoria Rymkus, as guardian of Mary Rymkus, a minor, filed a motion to be made a party defendant, and on the next day, the guardian filed a motion to have the dower interest of Anna Rymkus set off to her."

The widow then moved the court for an order setting off her dower in the **entire** premises.

The agreed statement contains this statement also:

"It is only at this stage of the proceedings, namely, in September, 1491, when a buyer was ready to purchase the property, that the claim was made for the first time that Anna Rymkus had dower in the entire property and that the property should be sold subject to Anna Rymkus getting one-third of the annual rents during her lifetime.

"Other facts are shown in the pleadings, affidavits and other papers filed in the lower court and which are now before this court on this appeal.

"The original decree and partition entered December 19, 1940, the motion to confirm appraisement and for order for public sale, filed January 3, 1941, and entry confirming appraisement and ordering public sale entered March 20, 1941, have been missing from the files for some time, and by stipulation, copies are included in the appeal."

It is the contention of the appellants that the first decree of partition is not subject to modification by the trial court after term.

It appears that the stautory method of attack upon this decree was followed. While the soundness of the court's action in finding grounds to set the first decree aside may be ques-

tioned we consider that question not now before this court in this proceeding de novo, which, by attacking the final decree of partition entered by the trial court presents the entire case for consideration.

An appeal from a decree in a partition proceeding may be upon questions of law and fact, as such proceeding constitutes a chancery case. **Wagner v Armstrong et, 93 Oh St 443.**

Such an appeal on questions of law and fact is a trial de novo, and permits a review of the entire case, upon the pleadings and the evidence submitted to **this** court. **Kiriakis v Fountas, 109 Oh St 553.**

A simple question is, therefore, presented: Is the widow entitled to have her dower set off as a continuing charge of 1/3 of the rents and profits upon the entire estate?

Our conclusion is, that she is not so entitled, for the reason that her dower interest in 5/7th of the estate was absorbed by the fee conveyed to her by her five children. It does not appear that the minor grantee has disaffirmed her conveyance.

Before assignment of dower and after the same had become consummate, a widow (before the enactment of §10502-1 GC) had a bare chose in action, not a vested estate. See: **Kunzelman v Harris, 31 N. P. (N. S.) 407,** and the authorities therein noted. The conveyance of the fee title of the widow's five children certainly vested in the widow the entire and complete title to the 5/7th of the estate conveyed, and any dower interest was thereby completely absorbed. To say that she thereafter possessed a dower interest in such 5/7th, which could thereafter be isolated from the fee, is to maintain that she continuously possessed a vested dower interest in her own property. It is true that where the interests of others will be jeopardized, equity will, in their behalf isolate such dower interest, in order to do substantial justice. **14 O. Jur., p. 690.**

The appellees claim that this can be done in the interest of the widow also if she had not estopped herself to make a claim to isolation of her dower interest.

Accepting for the moment this position of appellants, the facts agreed upon show the widow and her attorneys stood by without protest or objection while a decree for partition, and order for sale free of dower were entered, a sale pursuant thereto was carried on and not until some months later advanced this new theory of her interest. Beside all this—she **accepted** a deed from her five children. She exercised com-

plete ownership over the property, and executed a first mortgage to a loan association, in which it is reasonable to suppose she declared herself to be the owner of the premises, although she knew of the existence of the two children by the former marriage, she implied ownership of the entire fee. Her signature with that of her children would have accomplished the result of perfecting the lien of the association, as far as the 5/7ths interest in the property was concerned.

Can she now ask equity to ignore the fact that on every possible occasion she had held herself out as the owner of the entire fee to the exclusion of those she must have known had an interest in the property? For what purpose? In order that she may place a continuing burden upon the property which renders it of such a character that no purchaser would accept it? Such a state of facts certainly would bend the inclination of the chancellor away from her claim.

After the deed from her five children, the widow became a tenant in common with the two children, by the first marriage, in the entire estate, possessing concurrently therewith a dower interest, merely in the nature of a chose in action in the 2/7th interest of the two children.

By virtue of the provisions of §12042 GC, she is not now entitled to assignment of dower because her "right of dower extends only to an undivided interest in the estate." See: 14 O. Jur., p. 649, 717; 30 O. Jur., p. 930.

It is the conclusion of the court, therefore, that the first decree of partition is proper and applicable to the facts in this case and a similar decree may be entered herein as the decree of this court, with a further provision in such decree that this case be thereupon remanded to the Court of Common Pleas for such further proceedings as may be in accordance with law.

HILDEBRANT and MATTHEWS, JJ., concur.