ARMSTRONG, Appellant,

v.

ARMSTRONG et al., Appellees.

[Cite as *Armstrong v. Armstrong* (1998), 128 Ohio App.3d 393.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 97CA0037.

Decided June 17, 1998.

*Thomas W. Sharratt,* for appellant.

*Barbara L. Williams,* for appellees.

DICKINSON, Judge.

Plaintiff Irene Armstrong has appealed from a judgment of the Wayne County Probate Court by which it determined that she was entitled to either a statutory distributive share of her late husband's estate or her dower interest in certain real property, but not both. She has argued that the trial court incorrectly held that she must elect between the two. This court reverses the judgment of the trial court. Because, prior to his death, Irene Armstrong's late husband conveyed his one-half interest in the marital residence without her consent, her dower interest in that property was not extinguished by his death and she was entitled to both that dower interest and a statutory distributive share of the rest of his estate.

## I

Irene Armstrong was married to Norman Armstrong at the time of his death on September 1, 1995. Less than a month before his death, apparently because the Armstrongs were in the process of a divorce, Mr. Armstrong quitclaimed his one-half interest in the marital residence to his four adult children from a previous marriage. Irene Armstrong did not consent to the transfer, nor did she waive her dower interest in the property.

On October 2, 1995, Mr. Armstrong's executor, defendant Patricia Armstrong, filed an application to probate Mr. Armstrong's will. Because Mr. Armstrong's

last will, executed on July 31, 1995, made no provision for Irene Armstrong, she elected to take against the will. The trial court held that because Irene Armstrong elected to take her statutory distributive share of Mr. Armstrong's estate, she waived her dower interest in any of Mr. Armstrong's real property. The trial court held that she could elect to take either her dower interest or her statutory distributive share of the estate, but not both. Ms. Armstrong timely appealed to this court.

## II

Ms. Armstrong has asserted that the trial court misconstrued R.C. 2103.02, which provides:

"In lieu of such dower interest which terminates pursuant to this section, a surviving spouse shall be entitled to the distributive share provided by section 2105.06 of the Revised Code."

The trial court found that Irene Armstrong, as surviving spouse, was entitled to her statutory distributive share of Mr. Armstrong's estate "in lieu of" her dower interest in his real property. As R.C. 2103.02 explicitly provides, however, the statutory distribution is in lieu of only that dower interest "which terminates pursuant to this section."

"[P]ursuant to this section" is explained by the paragraphs immediately preceding it, which provide:

"A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of the consort except:

"(A) To the extent that any such real property was conveyed by the deceased consort during the marriage, the surviving spouse not having relinquished or been barred from dower therein."

Although dower rights normally terminate "upon the death of the consort," an exception is made for situations, such as here, in which the decedent, prior to his death, conveyed real property in which the surviving spouse had not waived her dower interest. Because the trial court incorrectly held that Irene Armstrong was required to elect between her dower interest in the real property conveyed without her having relinquished her dower interest and her statutory distributive share of the estate, the judgment of the trial court is reversed.[1] She is entitled to a statutory distributive share of Mr. Armstrong's estate and her

---

1. When a dower interest does terminate upon death pursuant to R.C. 2103.02, it terminates by operation of law. The surviving spouse retains no right to elect to take it.

dower interest in his share of the marital residence. According to R.C. 2103.03, Irene Armstrong's dower interest is a life estate in one third of Mr. Armstrong's one-half interest in the marital residence. To this extent, Irene Armstrong's assignment of error is sustained.

## III

Irene Armstrong's assignment of error is sustained. The judgment of the trial court is reversed.

*Judgment reversed*
*and cause remanded.*

SLABY, P.J., and QUILLIN, J., concur.