**In re Alan R. YOUNG, Debtor.**

**Josiah L. Mason, Chapter 7 Trustee, Appellee,**

**v.**

**Phyllis A. Young, Appellant.**

**BAP No. 99–8017.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted on briefs July 7, 1999.

Decided Sept. 8, 1999.

Robert Goldberger, on brief, Mansfield, OH, for Appellant.

Josiah L. Mason, on brief, Ashland, OH, for Appellee.

Before BROWN, RHODES, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

In another bankruptcy appeal, the First Circuit observed the timeless relevance of Sir Walter Scott's admonition of the " 'tangled web we weave, when first we practice to deceive.' " *Boroff v. Tully (In re Tully)*, 818 F.2d 106, 107 (1st Cir.1987) (quoting W. Scott, Marmion, canto VI, st. 17 (1808)). The tangled web in this appeal began when the Debtor fraudulently transferred his home to his wife and ended when the Chapter 7 Trustee recovered the property for the estate. The Debtor's wife, as the transferee from whom the Trustee recovered the property, sought to have the Trustee's recovery reduced by the amount of the Debtor's homestead exemption and the amount of her dower interest under Ohio law. The bankruptcy court determined the parties' tangled web left them without entitlement to any reduction based on the homestead exemption or dower interest. We **AFFIRM**.

## I. ISSUE ON APPEAL

The dispositive issue is whether the value of the property recovered by the Trustee as a result of the fraudulent transfer must be reduced by either the amount of the Debtor's homestead exemption or the value of the transferee's dower interest.

## II. JURISDICTION AND STANDARD OF REVIEW

■ The Panel has jurisdiction over final orders of the bankruptcy courts of the Northern District of Ohio pursuant to 28 U.S.C. § 158(a)(1) and (c). The bankruptcy court's order determining that the transferee was not entitled to any deduction in the value of the property recovered by the Trustee on the basis of the Debtor's homestead exemption or the transferee's dower interest is a final appealable order.

■ The bankruptcy court's determinations of whether the Debtor's homestead exemption or the transferee's dower interest could be asserted against the property recovered by the Trustee are conclusions of law. Conclusions of law are subject to the de novo standard of review, under which the Panel determines the issue independently of the bankruptcy court's determination. *Palmer v. IRS (In re Palmer)*, 228 B.R. 880, 881–882 (6th Cir. BAP 1999) (citations omitted).

## III. FACTS

Alan R. Young ("the Debtor") transferred the marital residence to his wife, Phyllis A. Young, defendant-appellant, on February 16, 1994. There was no consideration for the transfer, the transfer rendered the Debtor insolvent, and the Debtor retained control and possession of the residence after the transfer. At the time of the transfer, the property was encumbered by a mortgage in favor of People's Federal Savings & Loan Company in the amount of $14,999.43. The Debtor and Mrs. Young continued to reside at the property until August 1997.

The Debtor filed a Chapter 7 petition on August 29, 1997. The Chapter 7 Trustee sought to avoid the Debtor's 1994 transfer of the marital residence to Mrs. Young under Ohio's Uniform Fraudulent Transfer Act. At trial, the essential dispute was whether equity existed in the property at the time of the transfer sufficient to define the property as an "asset" which the Trustee could recover. A licensed real estate broker testified on behalf of the Trustee that he had appraised the property in March 1997 for $33,750.00, and that the property should be discounted by 5–7% per year to determine the value of the property at the time of the transfer. The bankruptcy court determined that even at the higher rate of discount of 7% per year, the property was worth at least $26,662.50 at the time of the transfer. Mrs. Young disputed the appraiser's valuation and offered a county tax valuation as evidence of the value of the property in 1994; however, the tax valuation indicated the value of the property was $24,000.00 in 1994, which is still substantially in excess of the $14,999.43 mortgage. On the basis of evidence from both parties, the bankruptcy court determined that equity existed in the property at the time of the transfer.

Mrs. Young next contended that the value of the property must be reduced by the value of the Debtor's Ohio homestead exemption ($5,000.00) and her right of dower in the property ($650.00 per Mrs. Young's calculation, Appellant's Brief at 8). The bankruptcy court rejected Mrs. Young's arguments, and further noted that significant equity remained in the property even accepting Mrs. Young's tax valuation and deducting the amount of the mortgage, the homestead exemption, and Mrs. Young's right of dower. (The equity to which the bankruptcy court refers amounts to $3,350.57.) The bankruptcy court concluded that the Trustee would recover the full value of the property subject only to the outstanding mortgage.

## IV. DISCUSSION

Mrs. Young argues on appeal that the definitions of "asset" and "transfer" under the Ohio Fraudulent Transfer Act exclude exempt property, and therefore an asset cannot be recovered under the Ohio Fraudulent Transfer Act to the extent the asset is subject to exemption. Because the Debtor presumably would be entitled to a $5,000.00 homestead exemption under Ohio law if he had owned the property as of the petition date, Mrs. Young argues that the Trustee cannot recover this $5,000.00 of the value of the property.

11 U.S.C. § 544 permits the Trustee to avoid fraudulent transfers to the extent avoidable by a creditor under applicable state law. See, e.g., *SPC Plastics Corp. v. Griffith (In re Structurlite Plastics Corp.)*, 224 B.R. 27, 30–31 (6th Cir. BAP 1998). Ohio Revised Code § 1336.07(A)(1) permits a creditor to avoid a fraudulent transfer or obligation. Ohio Rev.Code Ann. § 1336.07(A)(1) (Anderson 1999). Section 1336.01(L) defines a "transfer" as "every direct or indirect, absolute or conditional, and voluntary or involuntary method of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." Ohio Rev. Code Ann. § 1336.01(L) (Anderson 1999). An "asset" is defined as "property of a debtor, but does not include any of the following: (1) Property to the extent it is encumbered by a valid lien; [or] (2) Prop-

erty to the extent it generally is exempt under nonbankruptcy law, including, but not limited to, section 2329.66 of the Revised Code[.]" OHIO REV.CODE ANN. § 1336.01(B) (Anderson 1999). Further, Ohio's exemption statute exempts from execution "the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." OHIO REV.CODE ANN. § 2329.66(A)(1)(b) (Anderson 1999).

When a trustee avoids a transfer under applicable state law pursuant to § 544, § 550 empowers "the trustee [to] recover, for the benefit of the estate, the property transferred ... from ... the initial transferee of such transfer[.]" 11 U.S.C. § 550(a)(1). Section 522(g) provides that where property has been recovered for the benefit of the estate pursuant to § 550, the debtor may nonetheless assert an exemption in the recovered property "to the extent that the debtor could have exempted such property under [§ 522(b)] if such property had not been transferred, if ... such transfer was not a voluntary transfer of such property by the debtor[.]" 11 U.S.C. § 522(g). The Appellant concedes on appeal that the 1994 transfer of the marital residence was voluntary.

■ Accordingly, the bankruptcy court did not err in concluding that the Ohio homestead exemption was unavailable because the Debtor had voluntarily and fraudulently conveyed the marital residence prepetition. See *In re Downs*, 205 B.R. 93 (Bankr.N.D.Ohio 1996) (denying the homestead exemption to joint debtors who voluntarily and fraudulently transferred their residence to a family member prepetition); *Ransier v. McFarland (In re McFarland)*, 170 B.R. 613, 624 (Bankr. S.D.Ohio 1994) ("[B]y explicitly providing for exemption in these narrow situations, Congressional intent was to deny exemptions for recovered property outside the limits of §§ 522(g), (h), and (i). The interest in the residence was transferred voluntarily and the Trustee is seeking to avoid

that transfer; therefore, the exemptions are not available."); *Hunter v. Snyder (In re Snyder)*, 108 B.R. 150, 152 (Bankr. N.D.Ohio 1989) ("[T]he Code does not contemplate exemptions on behalf of debtors who have voluntarily transferred their property rights so as to give rise to the trustee's avoidance powers, since these powers typically involve attempts by debtors to transfer or distribute estate assets among unsecured creditors in an unequal manner.").

Mrs. Young also advances a similar argument premised upon the right of dower she would have otherwise enjoyed in the property of the Debtor. However, Mrs. Young's argument that she holds a right of dower in the property worth $650.00 and that such amount also must be deducted from the Trustee's recovery misconstrues both the nature of a spouse's right to dower and the character of property recovered by a Trustee through avoidance of a fraudulent transfer. Ohio's dower statute provides in relevant part: "A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage." OHIO REV.CODE ANN. § 2103.02 (Anderson 1999).

While Mrs. Young correctly cites precedent acknowledging that a spouse's right of dower takes priority over the interests of creditors of the deceased spouse, she is not in such a position in this case. She received the property via a transfer from the Debtor in 1994 and nothing in the record indicates that the transfer was less than fee simple absolute. This transfer was fraudulent as to the Debtor's creditors, but it was nonetheless effective between Mrs. Young and the Debtor. Upon taking title to the real property, Mrs. Young was no longer the spouse entitled to a one-third life estate in the property; she now owned the fee, and the Debtor ostensibly became entitled to an inchoate right

of dower in her property, although the Debtor does not assert any such right.

Mrs. Young's right of dower, as it existed prior to the transfer, can be viewed as an equitable interest which merged into the legal interest she gained upon the transfer from her husband. See *Smith v. Rymkus*, 73 Ohio App. 225, 55 N.E.2d 676, 678 (1943) (denying a widow's continuing right to dower on the basis that her dower was extinguished by merger where she subsequently obtained title to the fee, and noting, "The conveyance of the fee title [to the widow] certainly vested in the widow the entire and complete title to the [portion] of the estate conveyed, and any dower interest was thereby completely absorbed."). Further, the Trustee's avoidance of the fraudulent transfer does not serve to restore the Debtor's and Mrs. Young's pre-transfer rights in the property or otherwise "undo" the transaction such that the estate revests in the Debtor and Mrs. Young again succeeds to a right of dower in the same manner she would have if the property had been recovered from a third-party creditor. See, e.g., *Pugh v. Lingafelter (In re Lingafelter)*, 181 F. 24, 31–32 (6th Cir.1910). Accordingly, the bankruptcy court did not err in concluding that Mrs. Young was not entitled to assert a right of dower in property fraudulently conveyed to her and subsequently recovered by a trustee in bankruptcy.

### V.  CONCLUSION

The bankruptcy court's order holding that Mrs. Young was not entitled to have the value of the property recovered by the Chapter 7 Trustee reduced in the amount of the Debtor's homestead exemption or Mrs. Young's right of dower is **AFFIRMED**.