In re Bradley M. GLAZER, Debtor.

Alan J. Treinish, Trustee, Plaintiff,

v.

Helena A. Glazer, et al., Defendants.

Bankruptcy No. 98–17248.
Adversary No. 98–1391.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Sept. 20, 1999.

Bradley M. Glazer, Cleveland, OH, pro se.

Alan J. Treinish, Cleveland, OH, U.S. Trustee.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Alan J. Treinish (the Trustee) seeks summary judgment (the Motion) on his Complaint To Avoid Fraudulent Conveyance, Determine Priority, Validity and Extent of Liens and Interests In Real Property, and for Authority to Sell Real Property. Upon consideration of the Motion, arguments of counsel and relevant portions of the record, the following findings of fact and conclusions of law are rendered.

Core jurisdiction is acquired under 28 U.S.C. § 1334, General Order No. 84 of this district, and pursuant to 28 U.S.C. § 157(b)(2)(A)(H)(N) and (O).

Summary judgment motions are considered pursuant to Rule 56, Fed.R.Civ.P., as adopted in Rule 7056, Bankr.R. Therein, subsection (c) provides:

> (c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.

The dispositive issues arising under Rule 56(c) address whether a "factual" dispute exists, whether the dispute is "material" to the outcome of the case, and whether the dispute is "genuine". The interpretation and application of Rule 56 is a matter of federal law. Although the characterization of issues, the determination of materiality, and the sufficiency of the factual showing will often be intertwined with questions of state law, whether a trial is necessary is a matter of federal law. See, *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir.1993); *Farmland Indus. v. Grain Bd. of Iraq*, 904 F.2d 732, 736 n. 7 (D.C.Cir.1990).

The Trustee alleges in his Complaint that Bradley M. Glazer (the Debtor) purchased certain real property in University Heights, Ohio in 1994. In 1996, the Debtor and Defendant Helena Glazer were married to each other. In 1997, the Debtor transferred his interest in this property to Helena Glazer for no consideration (Complaint, ¶ 6). The fair market value of the property was stated in the amount of $92,915.00 and was encumbered by first and second mortgages in favor of Ohio Savings Bank ($62,320.00) and Charter One Bank, F.S.B. ($6,286.00), respectively. The Trustee further alleges that the Debtor received less than a reasonable equivalent value for his transfer of real property to Helena Glazer. On that basis, he asserts that the property transfer was a fraudulent transfer which is avoidable under § 544(b) of the Bankruptcy Code [11 U.S.C. § 544(b)] and under the Oh.Rev. Code § 1336.05(A). Finally, as estate property under § 541 of the Code, the Trustee requests authority to sell the subject property, once the transfer is avoided, pursuant to § 363(b) and to have the rights and interests of various claimants determined from proceeds of the sale.

In response to the Complaint, Helena Glazer contends that the Debtor's transfer of his interest in the marital residence "represented a partial resolution of the property settlement by and between the [parties]". (Answer, ¶ 29, Helena Glazer).

Under § 544(b) of the Code, the following is noted:

> § 544 Trustee as lien creditor and as successor to certain creditors and purchasers.
>
> (b) ... [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title. 11 U.S.C. § 544(b).

Section 544(b) is one of several avoidance devices available to a trustee. It is designed to permit avoidance of interests under applicable non-bankruptcy fraudulent conveyance law. To that extent, § 544(b) complements § 548(a)(1) of the Code which provides federal authority to avoid intentionally fraudulent transfers of a debtor's assets. Section 544(b) permits avoidance only when applicable non-bankruptcy law would permit avoidance. *In re Bybee*, 945 F.2d 309, 315 (9th Cir.1991); *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 202 (7th Cir.1988). In this regard, § 544(b) "makes state preference law an adjunct to, and supplemental of, those powers specifically provided for in the Bankruptcy Code." *In re Rexplore Drilling, Inc.*, 971 F.2d 1219, 1222 (6th Cir. 1992).

Under Ohio fraudulent conveyance law, § 1336.05(A), Oh.Rev.Code provides:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. § 1336.05(A) Oh.Rev.Code.

■ At the hearing on the motion for summary judgment, the parties stipulated to the Debtor's insolvency as of the time of transfer. This status is further confirmed by the Debtor's bankruptcy schedules. It is undisputed that, at the time of transfer, the Debtor was in a pending Chapter 13 case and obtained no court authorization to effectuate the property transfer. It is further uncontested that the liens of Charter One Bank and Ohio Savings Bank are unsecured and were clearly incurred prior to the subject transfer. Thusly, under § 544(b) and § 1336.05(A), the Trustee is reposed with authority to act on behalf of affected unsecured creditors in existence on June 3, 1997.

*Materiality*

■ In order to preclude summary judgment, a fact dispute must "be material." A fact issue is material if it must be decided in order to resolve the substantive claim or defense to which the motion is directed. "Only disputes over facts that might affect the outcome of the suit" will preclude summary judgment. See, *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). (Emphasis added). "In the present case, the purported dispute proffered by Defendant Helena Glazer offers a dispute not of known facts but, rather, of her personal belief." (See, Affidavit, H. Glazer). Her deposition testimony clearly states that she paid no money for the real estate transferred to her by the Debtor. Her "belief" that due consideration is to be found in his alleged past misconduct towards her is not supported of record. The purported "claims" she has against him are not evinced in Paragraphs Nos. 17 through 32, as alleged. The record is devoid of any waiver by this Defendant of any rights against the Debtor in view of the subject real estate transaction. Finally, there is found no recorded proof that the underlying quitclaim deed conveying the property addressed any form of consideration other than "$10.00". In summary, a mere "belief" about a matter does not qualify as a fact and is insufficient to satisfy the requirements of a disputed fact under Rule 56.

■ As is further noted in *Anderson*, "the materiality determination rests on substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 248, 106 S.Ct. 2505. Significantly, materiality is a question of law. That a jury's verdict on an issue might be influenced by disputed evidence legally relevant only to other issues cannot be taken into account in deciding materiality. That

is, it is not sufficient to preclude summary judgment that a jury, on hearing the entire case, might reach a different outcome. See, 31 F.R.D. 617, 618 (1963).

Helen Glazer asserts that the conflicting testimony regarding the stated value received for the transferred property interest is evident of a factual dispute. The subject quitclaim deed shows consideration paid of "Ten Dollars". Her deposition testimony, to the contrary, reveals she paid no money for the Debtor's transferred interest. Her Answer reports that the consideration given was in the form of a partial property settlement in the pending divorce from the Debtor. The existence of inconsistent testimony or other conflicts of record does not, in and of itself, point to a genuine issue of a material fact being in dispute. Herein, Helena Glazer's deposition testimony is inconsistent with the consideration stated in her response to the instant Motion. The genuine issue of material fact must be between the parties and not a unilateral conflict, as herein. Even where the asserted dispute is actually between the parties, it necessarily must be a "material" fact which is in dispute before summary judgment will be precluded. Herein, the fact that the quitclaim deed shows consideration of "$10.00" and the Trustee's Complaint alleges that no consideration was given does not rise to the level of a "material" fact being in dispute for Rule 56 purposes.

*Genuineness:*

■ Additionally, Rule 56(e) requires the opposing party to "set forth specific facts" that demonstrate a genuine issue for trial—not beliefs. This requirement specifically indicates that the issue must be genuine, as is also found in subsection (c). Where the non-moving party responds inadequately, summary judgment, if appropriate, shall be entered against it. Indeed, the last two sentences of subsection (c) were added in the 1963 amendment to Rule 56 to overrule a line of cases which had denied summary judgment motions on the strength of well-pleaded allegations

even though the opponent had produced little or no evidentiary matter. The advisory committee notes explain that those cases were incompatible with "the very mission of summary judgment procedure ... to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." [Rule 56(e), Fed.R.Civ.P., Advisory Committee's notes (Amended 1963).]

■ Also, applying Rule 56(e), the non-movant may not simply attack the credibility of the movant's affiants without a supporting factual showing. See, *Bose Corp. v. Consumers Union of U.S.*, 466 U.S. 485, 512, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). Rule 56(e) requires that affidavits be "made on personal knowledge [not beliefs]—and shall show affirmatively that the affiant is competent to testify to the matters stated therein." It is not sufficient that the affidavit merely recite facts to which a competent witness will testify at trial. See, *Garside v. Osco Drug*, 895 F.2d 46, 49 (1st Cir.1990). Nor can the affidavit consist only of conjective, conclusory allegations as to ultimate facts, or conclusions of law. See, *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989).

Upon consideration of the requirements of Rule 56(e) and the non-movant's response, said response is inadequate to preclude summary judgment. In brief, the non-movant's affidavit is premised on a belief as opposed to personally known facts and is based on conjecture. Defendant Helena Glazer's citation to state law for support is unpersuasive and non-controlling in this matter.

*Helena Glazer's Affidavit* (Dft.'s Exh. A):

In Affidavit Para. No. 17, she states that Defendant executed a quitclaim deed in her favor on the marital residence to compensate her for pain and suffering she endured as a result of Defendant's acts of domestic violence. She also states that the house was for partial settlement of her claims against him.

Again, the record is devoid of any claims of record by Helen Glazer against the Debtor. The state court's Temporary Protection Order or no other record addresses claims by Helena Glazer against Debtor. (Exh. B). [The Quit Claim deed reflects consideration of $10.00 as being the sole consideration for the transfer. Considering the stated undisputed value of the property, said sum is wholly insufficient consideration]. (See, Exh. D, Quit Claim Deed). No separation agreement or other related document was exhibited to show consideration.

 Helen Glazer further asserts a dower interest in the marital residence which the Debtor conveyed to her by quit-claim deed prepetition. She contends that her dower amount is to be deducted from any recovery which the Trustee may obtain on the property. Under Ohio law:

A spouse who has not relinquished or been bound from it shall be endowed of an estate for life in one-third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Oh.Rev.Code Am. § 2103.2 (*Anderson* 1999).

It is undisputed, and the record reflects, that Helena Glazer received full ownership of the marital residence once the Debtor quitclaimed his interest therein to her.

As determined above, the subject transfer was made for less than equivalent value. Thusly, it was fraudulent as to the Debtor's creditors, although effective between the Debtor and Helena Glazer. Consequently, upon taking title to the property, Helen Glazer was no longer entitled to a dower interest under Ohio law as she had acquired full ownership of the property. See, *In re Alan Young*, 238 B.R. 112 (6th Cir. BAP 1999). See also, *Smith v. Rymkus*, 73 Ohio App. 225, 55 N.E.2d 676, 678 (1943) (denying a widow's continuing right to dower due to her dower right having been extinguished by merger when she later obtained title to the fee.) In brief, Helena Glazer's right of dower, which existed prior to the transfer, can be viewed as an equitable interest which merged into the legal interest she acquired upon receipt of the property transfer from the Debtor. Id. Furthermore, the Trustee's avoidance of the fraudulent transfer does not revest either the Debtor or Helena with their respective pre-transfer rights in the marital property. Id., *citing, Pugh v. Lingafelter (In re Lingafelter)*, 181 F. 24, 31–32 (6th Cir.1910). Thusly, Helena Glazer is not entitled to assert a dower right in property fraudulently conveyed to her and subsequently recovered by a trustee in bankruptcy.

Accordingly, no genuine issue of material fact is found to be in dispute. The Trustee's Motion for Summary Judgment and for authority to sell property is hereby granted. Each party is to bear its respective costs.

IT IS SO ORDERED.