JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, First Bank National Association ("First Bank"), appeals the trial court's decision rendered in favor of appellee, William D. Parker ("William"). After a thorough review of the arguments, and for the reasons set forth below, we vacate the trial court's judgment.
 {¶ 2} This is a foreclosure action, commenced by filing a complaint on April 3, 2003. William D. Parker was served with the amended complaint on April 24, 2003. A second amended complaint was filed July 30, 2003 to add certain third-party defendants.
 {¶ 3} First Bank filed its motion for default judgment on September 11, 2003. A default hearing was set for October 22, 2003. On November 25, 2003, a stipulation for leave to plead on behalf of William was filed. An answer and counterclaim was filed on January 23, 2004. William's answer and counterclaim raised the issue of dower, pursuant to R.C. 2130.02. The counterclaim also raised Truth in Lending Act ("TILA") and other lender-related issues.
 {¶ 4} First Bank filed separate motions for summary judgment as to the dower and TILA issues. The primary motion for summary judgment dealing with dower was filed on July 1, 2004. William filed his initial brief in opposition to that motion on September 29, 2004. First Bank moved to strike certain portions of that opposition brief as being non-compliant with Civ.R. 56(C) and to file a reply brief on October 7, 2004, and filed its reply brief instanter on November 2, 2004. *Page 4 
 {¶ 5} First Bank filed its second motion for summary judgment as to the TILA and equitable subrogation issues on October 14, 2004.
 {¶ 6} On November 19, 2004, William filed his motion for leave to file instanter amended affidavits correcting a technical omission in the original affidavits in his brief in opposition to First Bank's motions for summary judgment. Having been served with an additional motion for partial summary judgment by First Bank, which contained documents that had not been produced or provided for in discovery, William requested leave pursuant to Civ.R. 56(F) to seek discovery to respond to First Bank's motions. First Bank opposed William's request for more time.
 {¶ 7} On February 4, 2005, William filed a second motion to enlarge time to respond to both of First Bank's motions for summary judgment. He was seeking to verify documents included in First Bank's summary judgment motion and obtain documents from the federal Internal Revenue Service and Ohio State Tax Department. First Bank opposed this request by brief on February 23, 2005. On March 2, 2005, the trial court granted William's motion to continue discovery to oppose summary judgment. His brief was due April 15, 2005. He served First Bank his brief on April 15, but filed it with the trial court April 18. First Bank moved to strike the brief as untimely.
 {¶ 8} William filed a motion to deem his brief in opposition as filed timely because he had served First Bank on April 15. On June 13, 2005, First Bank filed its *Page 5 
reply to William's second brief in opposition to summary judgment on the dower issue and on June 15 on the TILA issues.
 {¶ 9} On September 9, 2005, the trial court rendered separate decisions on the two pending motions: granting First Bank's motion on the TILA issues and denying First Bank's motion on the dower issue and the equitable subrogation.
 {¶ 10} First Bank sought reconsideration on October 7, 2005, which the court denied. First Bank sought an immediate right of appeal, which the court also denied.
 {¶ 11} On October 12, 2005, the court set the matter for trial. On November 21, 2005, appellee requested a settlement conference. William then sought further discovery, and First Bank opposed by seeking a protective order, which the court denied on December 20, 2005. First Bank filed motions to continue the settlement conference, and on February 13, 2006, First Bank withdrew its claim for equitable subrogation. The matter was set for hearing on the issue of the value of the dower.
 {¶ 12} The court held a hearing on March 20, 2006 to determine the value of William's dower interest in the property. A magistrate's decision was filed on April 4, 2006. First Bank filed objections on April 11, 2006 and supplemental objections on April 18, 2006. William's objections were filed on April 18, 2006.
 {¶ 13} On July 5, 2006, the trial court overruled both objections and adopted the magistrate's decision while remanding the case to the foreclosure magistrate. On July 13, 2006, the trial court filed another order adopting the magistrate's *Page 6 
decision, without remand for further proceedings, and entered a Civ.R. 54(B) designation. The instant appeal was filed on August 1, 2006.
 {¶ 14} The facts that gave rise to this appeal began in 1996. On May 2, 1996, Alice Parker ("Alice") applied to Equicredit Corporation for a loan. On May 28, 1996, she executed an open-end mortgage ("Mortgage) to Equicredit in the amount of $ 48,750. There was no listing of marital status on the residential loan application. Further, her marital status on the Mortgage was "unmarried." It is undisputed that her husband, William, did not sign the Mortgage and that he was married to Alice when the Mortgage was signed and filed. William's dower interest and its effect on the mortgage is the subject of this litigation.
 {¶ 15} Alice had acquired title to this property from her father, prior to his death on November 1, 1994. Nothing in the chain of title indicated that Alice was married at the time she executed and delivered the Mortgage to Equicredit. Also, previously, in November 1994, Alice had executed a mortgage in favor of Hi-Land Construction Company. Her marital status was not included on that mortgage. Proceeds from the Mortgage were used to satisfy the Hi-Land mortgage.
 {¶ 16} Alice died on August 31, 1999. Probate records show that Alice was married to William. William obtained a Certificate of Transfer for her entire estate in the property on October 2, 2002, which was filed in the offices of the Cuyahoga County Recorder on October 18, 2003. *Page 7 
 {¶ 17} The magistrate in the foreclosure action found that the American Experience Table should be used to determine the value of William's dower. The court found him to be 64 years old. The magistrate outlined four calculations that must occur:
 {¶ 18} "(1) Determine expected annual income by multiplying the value of the estate by the rate of annual return on value; (2) Divide this amount by three (because dower is a life estate in one third of the estate); (3) Determine `a present worth factor' using the age of the holder of dower and the appropriate `discount rate'; and (4) Multiply the figure determined in part 2 by the `present worth factor.'"
 {¶ 19} In addition, the magistrate determined the formula to compute William's dower, i.e. (successful bid amount at sheriff's sale x .0600/3) x 8.283.
 {¶ 20} William's objection to the magistrate's decision was based on the position that the full appraised value of the property should be used instead of the reduced value that might be had at sheriff's sale. First Bank's objections included lack of evidence as to the value of the estate, contending that William did not produce any evidence of the valuation of the property or its annual rate of return. At the evidentiary hearing, William filed and submitted his brief in support, submitting copies of the valuations of the property from 1999 to 2006 by the Cuyahoga County Auditor.
 {¶ 21} The trial court affirmed the magistrate's decision on July 3, 2006 and fully adopted the use of the sheriff's sale valuation as the basis for calculating dower. *Page 8 
 {¶ 22} First Bank National Association brings this appeal, asserting four assignments of error. Assignment of Error II is dispositive of this case, rendering the other assignments of error moot.[1]
 {¶ 23} "II. The trial court erred in overruling plaintiff's motion for summary judgment as filed July 1, 2004.
 {¶ 24} "A. The trial court erred in holding that First Bank's mortgage did not encumber the whole of the subject property.
 {¶ 25} "B. The trial court erred in finding that William Parker's dower interest did not merge into the fee simple title upon the death of his wife."
 {¶ 26} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 27} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. *Page 9 Catrett (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 28} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 29} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul *Page 10 
(1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 "A. The trial court erred in holding that First Bank's mortgage did not encumber the whole of the subject property."
 {¶ 30} First Bank argues that the trial court erred when it decided that the Mortgage did not encumber the whole property. More specifically, First Bank asserts that the trial court erred when it found that, because William did not sign the Mortgage, the mortgage was not fully secured in the fee simple title. We agree.
 {¶ 31} William was eligible for dower pursuant to R.C. 2103.02(A) and (B) and R.C. 2103.041. "The right of dower grows out of the marriage relationship, and a husband or wife cannot, by any act of his or her own, defeat that dower interest. It is the policy of the law to protect the dower interest whenever it is possible to do so." In re Freeman
(1945), 31 Ohio Op. 232, 235. Alice could not have defeated her husband's interest; therefore, William's dower interest in the land remained, despite the Mortgage.
 {¶ 32} Alice held title to this property in her name alone and when she borrowed the $ 48,000 from Equicredit, she held full legal title. William's dower interest was not a legal estate. Dower is the equivalent of a life estate, and a person who holds a dower interest in real estate cannot use that dower interest to borrow money. A dower right is personal and cannot be transferred. Therefore, *Page 11 
Equicredit's mortgage was fully secured, despite any dower interest William may have had.
 "B. The trial court erred in finding that William Parker's dower interest did not merge into the fee simple title upon the death of his wife."
 {¶ 33} First Bank argues that William's dower interest merged into the fee simple title. More specifically it argues that because of this merger, William no longer has a dower interest. We agree.
 {¶ 34} "A spouse who has not relinquished or been barred from it, shall be endowed of an estate for life in one-third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of this consort." R.C. 2103.02. If a spouse transfers property during marriage and the dower of his consort is not relinquished or barred, the consort retains a dowable right in the property under R.C. 2103.02(A).Armstrong v. Armstrong (1998), 128 Ohio App.3d 393, 715 N.E.2d 207. Also, if the property was encumbered during the marriage, the consort retains a dowable right in the property under R.C. 2103.02(B).
 {¶ 35} This right is not absolute. If the surviving spouse holds dower and inherits the property, the title to the property merges because one person cannot have a greater and a lesser estate in one piece of real property. Piper v. Lucy (1936), 21 Ohio L.Abs. 661; Smith v. Rymkus
(1943), 73 Ohio App. 225, 55 N.E.2d 676 (Decedent was survived by two children of first marriage and widow and five *Page 12 
children of the second marriage. Widow's dower interest merged into the fee conveyed to her by her five children).
 {¶ 36} After the death of his wife, William obtained a certificate of transfer for the property to put it in his name, under R.C. 2105.03. Essentially, he conveyed the property from his wife's estate to himself.In re Estate of Dinsio (2004), 159 Ohio App.3d 98, 823 N.E.2d 43. When he accepted the conveyance, his dower merged into the fee title. See,Mason v. Young (In re Young), 238 B.R. 112.
 {¶ 37} Finally, when William inherited the property, Alice's mortgage was not extinguished because he inherited the property subject to the mortgage. Carmack v. Carmack (1936), 22 Ohio L.Abs. 702; Disher v.Disher (1936), 21 Ohio L.Abs. 610 (Husband died. Wife holding dower took her share subject to his debts).
 {¶ 38} Evaluating the evidence in a light most favorable to William, we find that the motion for summary judgment on the issue of dower should have been granted in favor of First Bank. No genuine issue of material fact remains to be litigated, and First Bank is entitled to judgment as a matter of law. First Bank has a fully secured mortgage on the property. William's dower interest merged into the fee simple ownership he acquired via the certificate of transfer. Finally, it appears from the evidence that reasonable minds can come to but one conclusion that William no longer has any dower interest in the property, and he took the property subject to the mortgage. *Page 13 
 {¶ 39} Summary judgment is proper here because, as the owner of the subject property in fee simple, William is not also entitled to dower. The trial court erred when it denied appellant's motion for summary judgment, therefore, we vacate that order. As a matter of law, judgment is entered on behalf of First Bank.
It is ordered that appellant recover of said appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY EILEEN KILBANE, J., CONCUR
 APPENDIX
Appellant's remaining assignments of error:
I. The decision of the trial court is against the manifest weight of the evidence and contrary to law.
 A. The trial court erred by adopting facts and evidence not before the court in order to aid William Parker.
III. The trial court erred in finding that evidence of valuation for application with the American Experience Table excludes evidence of the market or rental value of the subject property in favor of the price bid at judicial sale. *Page 14 
IV. The trial court erred in granting William Parker leave to file the second motion for enlargement of time to respond to all of plaintiff's motions for summary judgment without first having complied with Civ.R. 56(F).
 A. The trial court erred in affording William Parker extensions of time to the prejudice of appellant.
[1] Appellant's remaining assignments of error are included in the appendix of this Opinion. *Page 1