[Cite as *In re Estate of French*, 2011-Ohio-422.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| THE ESTATE OF RICHARD E. FRENCH | ) | |
| aka RICHARD FRENCH | ) | |
| | ) | CASE NO. 10 CA 865 |
| | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas, Probate Division of Carroll County, Ohio
Case No. 061094

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Attorney Bernard Fineman
Attorney Troy D. Barnett
124 East Fifth Street
East Liverpool, Ohio 43920

For Defendant-Appellant    Attorney Victoria E. Schafer
1790 Town Park Blvd., Suite B-1
Uniontown, Ohio 44685

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: January 24, 2011

DONOFRIO, J.

{¶1} Appellant, Jill French, appeals from a Carroll County Common Pleas Court, Probate Division decision denying her claim for a dower interest in property owned by her late husband.

{¶2} Richard French died intestate on July 8, 2006. He left his wife appellant; his and appellant's minor daughter, Jona; and his adult daughter from a previous marriage, appellee Nancy Goydich.

{¶3} In 1993, Richard purchased a house. Appellant and Richard married in 2003. In November 2003, appellant and Richard jointly entered into a mortgage on the real estate. They owed approximately $44,400 on the mortgage at the time of Richard's death.

{¶4} Appellant was appointed administratrix of Richard's estate and filed a fiduciary's account. Appellee filed exceptions to the account. Of relevance here is appellee's exception to appellant's claimed dower interest in the amount of $24,901.

{¶5} The trial court held a hearing on appellee's exceptions where it heard testimony from both parties and several others. The testimony, however, had little to do with the dower issue and instead focused on appellee's other exceptions dealing with particular assets and personal property.

{¶6} The trial court determined that appellant was entitled to her interest in Richard's property pursuant to the statute of descent and distribution. It further found that appellant does not fit into either of the two specific circumstances providing for dower. Consequently, the court sustained appellee's objection to the dower interest and ordered appellant to account for the assets she claimed under the dower interest.

{¶7} Appellant filed a timely notice of appeal on January 6, 2010.

{¶8} Appellant raises two assignments of error, which share a common argument and analysis. Therefore, we will address them together. They state, respectively:

{¶9} "TRIAL COURT ERRED IN ITS DECISION AND ENTRY DENYING APPELLANT'S DOWER."

{¶10} "THE TRIAL COURT'S DECISION IS CONTRARY TO LAW."

{¶11} Appellant argues that the trial court erred in denying her dower claim. She argues that especially in a case such as this where the decedent leaves a surviving spouse and a minor child, a dower award is appropriate. She contends that a spouse's release of dower in a mortgage instrument does not constitute a release of dower as to other third parties. Appellant urges that R.C. 2103.02 specifically entitles her to dower. She states that her dower interest should be awarded at $24,901. Finally, appellant contends that the trial court's finding that "there is no other dower interest provided for in the law in the State of Ohio" other than in two specific instances was erroneous.

{¶12} As appellant's assignments of error present a question of law, a de novo standard of review applies. *Skirvin v. Kidd,* 174 Ohio App.3d 273, 2007-Ohio-7179, at ¶14.

{¶13} Appellant asserts that a non-owner spouse who signs a mortgage does not waive or release his or her dower rights as to third parties. The Second District Court of Appeals recently addressed this question:

{¶14} "In several respects, Ohio's codification of dower interests has not substantially changed in more than 100 years. Compare R.C. 2103.02 with 84 Ohio Laws 135, section 4188. Applying a prior version of the law, the Supreme Court of Ohio has addressed the effect of a wife's release of her dower rights in a mortgage document on her dower interest with respect to other parties. *Mandel v. McClave* (1889), 46 Ohio St. 407, 22 N.E. 290. Upon review, the Court concluded that the wife's release of her dower interests, by joining in the mortgage to secure her husband's debt, did not 'inure to the benefit of a stranger to the [mortgage] instrument.' *Id.* at 413, 22 N.E. 290. The Court reasoned that '[t]here is nothing in the nature of the transaction from which it can be inferred that a wife, by joining with her husband in a mortgage of his lands to secure his debt, intends more than to pledge her contingent right of dower for that particular debt.' *Id.* at 411, 22 N.E. 290. In other words, the release of a spouse's dower interest in a mortgage document did not

constitute a release of the spouse's dower interests for all purposes." *Ferraro v. Cristiano*, 2d. Dist. No. 23146, 2009-Ohio-4789, at ¶69.

{¶15} The Second District then concluded that *Mandel* still applies and a spouse's release of his/her dower interest in a mortgage instrument does not constitute a release of dower as to other third parties. Id. at ¶70. See also *Stand Energy Corp. v. Epler,* 163 Ohio App.3d 354, 2005-Ohio-4820, at ¶¶14-15.

{¶16} We too conclude appellant is correct on her statement of the dower law as it applies to mortgages and third parties. However, in the cases that support this conclusion, both spouses were still living at the time the dower issue arose. These cases do not address the situation we have here where the widow spouse is claiming a dower interest and a distributive share under the statute of descent and distribution.

{¶17} R.C. 2103.02 governs dower in Ohio. It provides:

{¶18} "A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of the consort except:

{¶19} "(A) To the extent that any such real property was conveyed by the deceased consort during the marriage, the surviving spouse not having relinquished or been barred from dower therein;

{¶20} "(B) To the extent that any such real property during the marriage was encumbered by the deceased consort by mortgage, judgment, lien except tax lien, or otherwise, or aliened by involuntary sale, the surviving spouse not having relinquished or been barred from dower therein. If such real property was encumbered or aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or at the time of such alienation, but not upon an amount exceeding the sale price of such property.

{¶21} "*In lieu of such dower interest which terminates pursuant to this section, a surviving spouse shall be entitled to the distributive share provided by section*

*2105.06 of the Revised Code.*"  (Emphasis added.)

**{¶22}** Thus, the dower statute clearly sets out the only two ways a dower interest continues after the death of the owner-spouse:  (1) where the owner-spouse conveyed the property during the marriage and the non-owner, surviving spouse did not relinquish his/her dower interest; and (2) where the property was encumbered by mortgage, etc., and the surviving spouse did not relinquish his/her dower interest. Unless one of these two limited situations exists, the dower interest terminates upon the death of the owner-spouse.

**{¶23}**  Neither of these two circumstances exists here.  Richard did not convey the property during his marriage to appellant.  Hence, the first circumstance is inapplicable.  Furthermore, while Richard did mortgage the property during the marriage, appellant signed the mortgage and relinquished her dower rights.

**{¶24}**  Moreover, the dower statute explicitly provides that the statutory distribution is in lieu of only that dower interest "which terminates pursuant to this section."  *Armstrong v. Armstrong* (1998), 128 Ohio App.3d 393, 395.  It states that the surviving spouse is entitled to the distributive share of the estate provided by R.C. 2105.06, the statute of descent and distribution, instead of the terminated dower.

**{¶25}**  In this case R.C. 2105.06(D) applies:

**{¶26}**  "When a person dies intestate having title or right to any personal property, or to any real estate or inheritance, in this state, the personal property shall be distributed, and the real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

**{¶27}**  "* * *

**{¶28}**  "(D) If there is a spouse and more than one child or their lineal descendants surviving, the first sixty thousand dollars if the spouse is the natural or adoptive parent of one, but not all, of the children, * * * plus one-third of the balance of the intestate estate to the spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes."

**{¶29}**  Thus, the trial court properly determined that appellant was not entitled

to dower in this case and instead was entitled to her distributive share under the statute of descent and distribution.  Accordingly, appellant's two assignments of error are without merit

{¶30} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, .J., concurs.

Waite, P.J., concurs.