Walter S. Jackson, Lima, for plaintiff in error.
Klinger & Klinger, Lima, for defendant in error.

**DISHER v DISHER et**

Ohio Appeals, 2nd Dist, Darke Co

No 491.   Decided Jan 14, 1936

For full opinion see 6 OO 431; 52 Oh Ap 467.

**DAVIS v WATTS**

Ohio Appeals, 5th Dist, Perry Co

Decided March 26, 1935

George W. Porter, Greenville, and Billingsley & Manix, Greenville, for plaintiff.

Jesse K. Brumbaugh, Greenville, for Farmers National Bank, Greenville, Ohio.

Goubeaux & Goubeaux, Greenville, for Citizens National Bank, Greenville, Ohio.

## OPINION

By HORNBECK, J.

The question presented for determination is: What interest does the surviving spouse take in the real estate of her deceased consort or of the proceeds thereof? It is conceded by the parties that the surviving spouse is entitled to her full rights under §10509-79 GC, providing for the widow's year's allowance and under §10509-54 GC, assuring to her the right to take household goods and other enumerated personal property not exceeding in value 20% of the appraised value of the property, real and personal, not to exceed $2500.00 and if the property selected be of less value than the total amount to which the surviving spouse is entitled, that she shall receive "such sum of money as is equal to the difference between the value of personal property so selected and such amount," and that such exemption shall be "prior to the claims of all unsecured creditors of the deceased or of the estate."

The controversy arises upon a determination of the interest to which the surviving spouse is entitled by the dower statute now in effect under the new Probate Code, §10502-1 GC which, insofar as germane, provides:

"Dower.—A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except:

"(a) * * *

(b) To the extent that any such real property at any time during the marriage was encumbered by the deceased consort by mortgage, judgment, lien, (except tax lien), or otherwise, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, the dower interest of the surviving spouse therein, shall be computed on the basis of the amount of

the encumbrance at the time of the death of such consort.

"(c) In lieu of such dower interest as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution.

"(d) * * *

"(e) * * *."

It is the claim of the widow that she is entitled to her dower free from any of the indebtedness against her decedent except the mortgage which she signed and in which she released her dower. It is the claim of the unsecured creditors of decedent that the surviving spouse, by the terms of §10502-1 GC, is barred of any dower interest in the real estate and takes by virtue of "(c)" in lieu of such dower, her distributive share as provided by the statute of descent and distribution, which is §10503-4 GC, and that she takes such share as an heir at law and after all the debts of her decedent have been paid.

It is recognized that the new Probate Code materially changed the rights of the surviving spouse and had for its purpose the enlargement thereof. It is a canon of construction that if there is ambiguity in the statute under consideration then as an aid to interpretation the purpose of the legislature may properly be considered. It likewise is recognized that the legislature intended generally to terminate dower interests as such and that such interest was retained only under the exceptions in the dower statute. There is no ambiguity in the general provisions of §10502-1 GC, wherein it is said: "But all such dower interest shall terminate and be barred upon the death of the consort."

We look at the exceptions and there is but one under which the status of the widow in this case could be given any consideration whatever, namely, "(b) to the extent that any such real property at any time during the marriage was encumbered by the deceased consort by mortgage, judgment, lien * * *" or other encumbrances on the real estate as to which the widow had not released her dower or been barred of it, she would not be barred of dower. But an unsecured claim cannot, in any interpretation thereof, be classified as an encumbrance upon real property during the lifetime of the debtor though upon his death it is a lien upon the real estate which descends to his heirs at law. Mortgages, judgments and liens all fall within the classification of encumbrances and all are

of a higher class of security than unsecured claims. It would thus seem that the spirit of the section under consideration would require that the rights of the widow against unsecured claims would at least rise as high as her rights against those encumbrances mentioned in the section. But we cannot read that into the statute which is not to be found there. It would seem that the letter of the statute killeth the spirit

"The court should not put upon the provisions of a statute a construction not supported by the words, even though the consequence would be to defeat the object of the act."

Woodbury v Berry, 18 Oh St, 456; Bruner v Briggs, 39 Oh St, 478.

As the widow is not protected as against the unsecured claims of her decedent under sub-division "(b)" of §10502-1 GC, the further question arises, whether or not the interest which she takes under "(c)" in lieu of her dower, is assured to her prior to the payment of the debts of her decedent and particularly the unsecured claims. By "(c)" the surviving spouse is entitled in lieu of her dower, which is terminated at the death of the consort, to the distributive share provided by the statute of descent and distribution. This statute includes a surviving spouse, children, and descendants who take thereunder in like terms and there is no expressed purpose to assure to the widow any exemption of her share as against any claims not coming within the exceptions of §10502-1 GC. Those who share under the statute of descent and distribution take subject to the decedent's debts and that, in our judgment, is the status of the surviving spouse in this case. She stands in the relation of an heir at law, so classified with others in the statute, and taking thereunder must be subjected to the same priority as would obtain against any other heir at law mentioned in the statute.

In this connection our attention is directed to one case only in Ohio, namely, **In Re Estate of Thatcher, 30 O.N.P. 519,** decided in the Probate Court of Franklin County by Judge McClelland. His opinion is in accord with our conclusion.

We reach our determination in this case reluctantly because the terminology of the law will permit of no other construction and we are of opinion that it is the result of an oversight which will be corrected. In this instance, instead of advantaging the widow, as is the general purpose of the new

Probate Act, it operates to her great disadvantage. She takes much less under the law, because of the claims of unsecured creditors, than she would if the claims had been reduced to judgment or had been carried into a mortgage in which she had not joined. It is difficult to believe that the legislature would have deliberately enacted a law, the provisions of which result in such inconsistency. It is, however, our obligation to construe the law and not to legislate. Entry may be prepared in conformity to our opinion and exceptions may be noted by counsel for Mina B. Disher.

BARNES, PJ, and BODEY, J, concur.