**FREEMAN, Estate of, In re.**

Probate Court, Franklin County.

No. 105903.  Decided June 30, 1944.

Willis H. Liggett, Columbus, William Maugans, Columbus, for Estate of Lewis C. Freemann, dec'd.

Raymond H. Treffinger, Columbus, Attorney for Hartford Accident & Indemnity Co.

## OPINION

By McCLELLAND, J.

The question at issue arises in a proceeding to sell the real estate of the deceased for the purpose of paying his debts. In order that we may intelligently answer the legal question involved it is necessary that we make a finding of facts upon which our decision will be based.

On March 25, 1936, the decedent, Lewis C. Freeman, made an application to be appointed Administrator de bonis non with the Will Annexed of the estate of Henry V. Butler, deceased, and at the same time made an application to the Hartford Accident and Indemnity Company for a bond as such Administrator as provided by statute.

On March 30, 1936, the above named Company executed a bond as surety with Lewis C. Freeman as principal in the Probate Court of Franklin County, Ohio, in the principal sum of $416,000.00.

Sometime subsequent thereto the above named Surety Company discovered that Mr. Freeman did not have a sufficient amount of real estate in his name to justify it continuing on the bond and therefore suggested to Frederick W. Freeman, brother of the decedent, that Lewis C. Freeman should have more real estate in his name. Frederick W. Freeman then wrote to his sister, Sarah Miller, who was also a sister of Lewis C. Freeman, and who at that time was located in Florida, suggesting that she deed a certain parcel of real estate now described as parcel one in the petition to Lewis C. Freeman. She executed the deed which, on its face, conveyed an absolute fee simple title to Lewis C. Freeman, who received the same and filed it for record. This deed was dated April 6, 1936.

When Lewis C. Freeman received the deed he was unmarried but on January 5, 1936, he married the woman who is now his surviving spouse.

On July 15, 1941, Lewis C. Freeman executed a mortgage to the above named Surety Company, which mortgage included the property now under investigation "to indemnify the Hartford Accident and Indemnity Company against any and all liability, and hold and save it harmless from and against any and all damages, losses, costs, charges and expenses of whatsoever kind and nature which said Hartford Accident and Indemnity Company shall or may at any time sustain or incur by reason or in consequence of having executed that certain bond dated March 30, 1936, given by Lewis C. Freeman as administrator de bonis non with the will annexed of the estate of Henry V. Butler, deceased." Mary R. Freeman, the wife of Lewis C. Freeman, did not join in the execution of said mortgage.

On April 17, 1943, Lewis C. Freeman died seized of the premises in question but subject to the aforesaid mortgage to the above named Surety Company. He also left his spouse surviving him.

Subsequent thereto Willis H. Liggett was appointed Administrator of the estate of Lewis C. Freeman, and a short time thereafter filed this proceeding to sell the real estate to pay the debts of his decedent. The Hartford Accident and Indemnity Company filed its answer and cross petition, in which cross petition it sets up its mortgage and asks that upon a final hearing the Court find it to be a first lien upon said property paramount to all other liens. The defendant, Mary R. Freeman, the surviving spouse of the decedent, also filed her answer, in which she states her age, the amount set off to her for her support for one year and the amount of her exemption. She further sets forth her claim that she is entitled

to dower interest in the property as the surviving spouse of the decedent. To the answer of Mary R. Freeman the Hartford Accident and Indemnity Company filed its reply, in which it denied that the surviving spouse is entitled to dower in the property described as parcel one. It avers that the property was conveyed to the decedent and that the decedent held the same as security to indemnify the Surety Company upon its bond as administrator and that the consideration for the conveyance was the execution of the bond by the defendant as surety for the administrator.

Subsequent thereto upon the order of the Court the property was sold and by agreement of all the parties all the liens and equities of the parties were transferred to the fund arising from the sale. The proceeds of that sale are now in this Court subject to its order of distribution.

The sole and only question now before the Court is whether Mary R. Freeman, the widow of Lewis C. Freeman, is entitled to dower in the proceeds of the sale of the property which was mortgtged by her husband after his marriage and in which mortgage she did not join.

**Section 10502-1, GC,** contains the following language:

"A spouse who had not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but such dower interest shall terminate and be barred upon the death of the consort except: * * * * *."

The same statute then provides for certain exceptions which we will not discuss at this particular time.

We must first determine then whether or not the estate which Mr. Freeman had was or was not an estate of inheritance. If he held the property in trust, it was not an estate of inheritance and his wife would have no right to dower therein. If it was an estate of inheritance, the wife is entitled to dower.

Counsel for the Surety Company has called our attention to the provisions of the mortgage executed by Mr. Freeman to the Surety Company as reflecting upon the estate of Mr. Freeman in said property. It is our opinion that this mortgage is not determinative of the interest. The mortgage was a matter in which Mr. Freeman and the Surety Company were interested. In order to determine the estate which Mr. Freeman had in this property it is necessary to determine

what the relations were between Mr. Freeman as grantee and Sarah Miller as grantor. As we have before stated, the deed was one which on its face conveyed an absolute estate in fee simple. Mrs. Miller testified in open court and stated that she knew that it was necessary that Lew have more property in his name. She stated that Fred, her brother, had suggested that she deed the property to Lew. She also stated that she would have deeded to Lew any property which Fred might suggest that she deed. She also stated that she claimed no interest in this property.

It is fundamental that parol evidence cannot be received to vary or contradict a written instrument, but it is just as fundamental that a court may receive parol testimony to prove that the parties intended the instrument to operate in a different manner than that which was indicated on the face thereof. It is also fundamental that if any one wishes to impress with a trust property which had been transferred to the grantee or the holder by an instrument absolute on its face, the probative evidence must be of such a degree of force as to be clear and convincing.

Considering the testimony we find there is an absence of any testimony by which there was established any agreement between Mrs. Miller and Lewis C. Freeman, the grantor and grantee, by which he received the property for any purpose at the direction of the grantor, nor was he holding it for any purpose indicated by the grantor in the deed.

It is therefore our opinion that there is a complete failure of proof sufficient to impress the property with a trust in the hands of Mr. Freeman. It is our further opinion that Mr. Freeman held the deed in fee simple as an individual and not as a trustee. It is our further opinion that inasmuch as Mr. Freeman died intestate, the property passes to his wife as his sole and only heir, subject, however, to the payment of all valid claims against his estate.

The next question then is to determine to what extent her dower attaches to said property.

**Subdiv (b) of §10502-1, GC.** reads as follows, as one of the exceptions:

"To the extent that any such real property at any time during the marriage was encumbered by the deceased consort by mortgage, judgment, lien (except tax lien), or otherwise, or aliened during the marriage by judicial or other involuntary sale, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real

property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, or so aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or such alienation, as the case may be, but not upon an amount exceeding the sale price of such property in any event."

It is to be noted that the property was mortgaged by Mr. Freeman during his lifetime but subsequent to his marriage and that the wife did not join in the mortgage. The mortgage stated no amount whatsover, but it was simply an indemnity mortgage to indemnify the Surety Company for any loss which might be sustained by it by virtue of its having become surety for him as such Administrator. It is the contention of the Surety Company that the mortgage was not a lien until after the judgment was rendered against Mr. Freeman. It is the contention of the Surety Company that the claim of the bonding company was a contingent claim and that the mortgage was not a lien or encumbrance until the judgment had been rendered against Mr. Freeman. We make this observation in passing that the judgment rendered against Mr. Freeman was in an amount of approximately $102,000.00, but which was later compromised for the sum of $70,000.00. It is quite obvious that as soon as the mortgage was of record on said property Mr. Freeman could not have alienated the property free and clear of that mortgage. It is our opinion that the mortgage did constitute a lien, but the amount which was to be protected by the mortgage was contingent and this amount could not be determined until the judgment was rendered by the Court. It therefore develops that the mortgage was finally determined to be in the amount of $102,000.00 or approximately that sum. It therefore follows that by virtue of the provisions of the statute hereinbefore quoted, Mrs. Freeman is entitled to the dower interest for the full amount of the mortgage, but not to an amount exceeding the sale price of the property, and which must be paid in preference to the mortgage.

The right of dower grows out of the marriage relationship, and a husband or wife cannot by any act of his or her own defeat that dower interest. It is the policy of the law to protect the dower interest whenever it is possible to do so. Mrs. Freeman receives her dower interest not as an heir but as a surviving spouse, and by virtue of the dower statute.

The dower interest which survives to the surviving spouse after the death of a consort under the present statute is given to the consort to protect his or her interest in real estate which the deceased consort aliened or permitted to be aliened during his or her lifetime.

Counsel for both parties have referred us to the case of **Disher vs. Disher, 8 Ohio Opinions, page 203,** and also the Thatcher case reported in 3 Nisi Prius (N.S.) page 515. Those cases both hold that a surviving spouse takes as an heir, but neither of those cases are determinative of the case at bar. We agree with the reasoning of the Court of Appeals in the Disher case and we must apply its principles as far as we can in the case now before the Court. It holds that the surviving spouse takes as an heir and that she takes subject to the payment of all the debts of the deceased.

**Sec. 10509-54, GC,** is the section commonly known as the exemption statute. In construing that statute this Court has held that such portion of the exemption payable in money is a charge against the estate and shall be paid to the surviving spouse in preference to all claims which are unsecured. It follows conversely therefore that secured claims are to be paid in preference to the exemption. Under **§10509-121 GC,** there is found the statutory provisions relative to the order in which the assets of a deceased shall be distributed. The third subdivision thereof provides for the payment of the allowance to the widow and children for their support for twelve months. The amount set off to the widow and children constitutes a debt against the estate. It constitutes a preferred claim but not a secured claim. The mortgage therefore being a secured claim should be paid in preference to the support for the widow for twelve months and also to be paid in preference to the exemption.

An order may be drawn accordingly.