OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court of Delaware County as to denial of a damages hearing as to a default judgment previously rendered. The appeal is not of the actual granting of the default judgment but inferentially only as to the damages rendered therein and essentially involves an assertion of abuse of discretion.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts indicated are that Appellee hired Appellant to install a driveway. (Tr. p. 14.)
 {¶ 3} Several months thereafter, Appellee contracted with Fisher Tree Service for trimming. The weight of Fisher's vehicles caused significant damage to the driveway.
 {¶ 4} A complaint was filed asserting breach of contract by improper installation of the driveway along with a violation of the Consumer Sales Practice Act.
 {¶ 5} Appellant was properly served but failed to respond.
 {¶ 6} A default judgment of $21,000.00, plus attorney fees and costs as supported by affidavit, was rendered.
 {¶ 7} A motion to set aside the judgment and for a damages hearing was filed.
 {¶ 8} The court denied the Civ. R. 60(B) motion but initially agreed to set a damage hearing but subsequently vacated the order as to a damages hearing.
 {¶ 9} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT ERRED BY NOT HAVING A HEARING ON THE ISSUE OF DAMAGES."
 I. {¶ 11} The applicable Civil Rule is 55(A) which states:
 {¶ 12} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 13} It is clear under such Civil Rule that the court may
conduct a damages hearing.
 {¶ 14} Therefore, we must determine if, under the facts, the court abused its discretion in failing to conduct a damages hearing.
 {¶ 15} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 16} Appellee correctly cites this Court's opinion inMelroy v. American Homes, Inc. (Nov. 24, 1995), Stark County App. No. 95CA31, in which we stated:
 {¶ 17} "Where a party has not made an appearance in an action he is not entitled to notice of the default proceedings. Jenkinsv. Clark (1982), 7 Ohio App.3d 93, 95, citing Sexton v. SugarCreek Packing Co. (1974), 37 Ohio St.2d 58. In the case subjudice, appellant did not enter an appearance prior to the scheduled hearing date. Therefore, when Kevin Scott failed to appear at the scheduled hearing on behalf of appellant, he was not entitled to notice of the default proceedings. Since notice was not required, the trial court proceeded to take evidence and determine damages. The trial court did not abuse its discretion in awarding default judgment to appellee without first conducting a hearing. Appellant's first assignment of error is overruled."
 {¶ 18} Appellant cites Craft v. Craft (1989), 63 Ohio App.3d 499, from the Ninth Appellate District.
 {¶ 19} We find the Craft, supra, decision to be inapplicable. In such case, the Appellant, with counsel, appeared at the damages hearing but was incorrectly prohibited from objecting or cross-examinating.
 {¶ 20} The issue was not whether a damages hearing should have been held as is that presented by the Assignment of Error in the case sub judice.
 {¶ 21} We therefore find no abuse of discretion in failing to hold a further damages hearing as the court took evidence of damages at the default hearing.
 {¶ 22} This cause is affirmed at Appellant's costs.
Boggins, J. Gwin, J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.