JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant Deutsche Bank Trust Company Americas (appellant) appeals from the Cuyahoga County Common Pleas Court's order of March 23, 2007, adopting a revised magistrate's decision of October 5, 2006, in a foreclosure action. The court order of foreclosure calculated the value of the dower[1] interest of the mortgagor's spouse and ordered the sheriff to set aside that sum before paying the appellant the amount of its mortgage. For the reasons set forth herein, we overrule the assignments of error of appellant and affirm the trial court.
 Statement of the Case and Facts {¶ 2} On February 17, 2007, appellant filed a foreclosure action against mortgagor, Jewell W. Smith, her "unknown spouse," and various other parties who might claim a lien on the mortgaged property. None of the defendants answered except the United States, which disclaimed any interest in the property.
 {¶ 3} The complaint alleged Jewell W. Smith's default on an adjustable rate note executed on January 18, 2002, in the principal amount of $76,500, secured by a mortgage executed the same date, in the same amount, on property located at 1534 East 81st Street, Cleveland, Ohio. The complaint also requested a finding that the mortgage was a "valid and subsisting first lien on the property, subject only to any *Page 4 
lien that may be held by the County Treasurer," an order "requiring the Unknown Spouse, if any, of Jewell Smith * * * to set [sic] his/her interest in the property or be forever barred from asserting such or [sic] interest" and an order of marshaling of liens, foreclosure, and judicial sale.
 {¶ 4} The mortgage was filed for record on January 23, 2002, and subsequently assigned to appellant. Appellant states that there is no fact in evidence that Jewell W. Smith was married at the time of the execution of the note and mortgage; however, there is no dispute of this fact. The mortgage itself, attached to the complaint, states that Jewell W. Smith is a married woman, although her spouse did not sign it. Sometime thereafter, the complaint alleges borrower Jewell W. Smith and the unknown spouse, if any, of Jewell W. Smith, were notified of default under the terms of the mortgage. Appellant declared the debt due and mortgage foreclosed and sought foreclosure and reformation of the mortgage against both defendants.
 {¶ 5} The court, at the outset of the case, by journal entry, had referred the entire matter to Magistrate Stephen M. Bucha, who scheduled a hearing on January 18, 2006, on a motion for default filed by appellant on November 17, 2005. This initial motion for default was denied as moot, given appellant filed a supplemental complaint identical to the first, except that it specifically named the defendant as Oliver W. Smith in the caption. On May 5, 2006, appellant filed a second motion for default on the supplemental complaint as to Jewell and Oliver Smith (the Smiths). *Page 5 
 {¶ 6} Additional counsel for appellant filed a brief in support of appellant's motion for default judgment as to Oliver W. Smith, taking the position that Oliver W. Smith's failure to answer the complaints of the appellant and affirmatively assert his spousal, inchoate chose of action, constituted a waiver on his part of any future claim on the funds of appellant as foreclosing creditor.
 {¶ 7} On July 14, 2006, the magistrate, finding service and default of answer by necessary parties, granted the appellant's motion for default judgment of May 5, 2006, indicating that he would issue a separate decision, making specific findings as to the rights and liabilities of the parties. His separate decision was filed July 19, 2006.
 {¶ 8} In his initial decision, the magistrate, in granting this motion, entered the monetary judgment against Jewell W. Smith, which is not in question herein. He further found that appellant had a valid mortgage subject only to the treasurer's tax lien and Oliver W. Smith's dower interest. He found that Oliver W. Smith's dower interest could not be foreclosed by default. He further determined that the method by which this dower interest was to be computed depended on whether the parties were married before October 29, 1999, when the method for calculating dower utilized the Bowditch table, or after October 29, 1999, when the method for calculating dower under R.C. 2131.01 was changed by legislative amendment to utilize IRS tables.
 {¶ 9} In the interest of "expeditious distribution" of the sale proceeds, the magistrate computed the dower interest using both calculation methods, determined *Page 6 
that the value of the property was the sheriff's sale price, and determined that Jewell was 65 and Oliver was 74, as he thought evidence as to these two specific ages had been submitted by appellant. The decision further ordered the following: foreclosure of the mortgage; that the sheriff appraise and sell the property; that proceeds be used first to pay costs and any unpaid property taxes and assessments; that the sheriff should hold the value of the dower interest based on the greater of the two calculations; that the plaintiff should be paid any amounts due it; that plaintiff should be paid any sums advanced for real estate taxes, hazard insurance and property protection; and lastly, that the balance, if any, was to be held by the sheriff pending further order of court.
 {¶ 10} Appellant's objections of July 26, 2006, were sustained as they related to the use of the ages of the parties herein. The magistrate's initial decision was ultimately vacated by the trial court, and the trial court ordered the magistrate to issue a new decision. The magistrate then issued a revised order filed October 5, 2006.
 {¶ 11} The magistrate's decision was revised because appellant objected to the findings regarding the ages of the Smiths in the initial decision. The magistrate stated at page one, footnote one, of the revised decision filed October 5, 2006, that he "was under the mistaken belief that plaintiff had submitted evidence as to the ages of said parties when, in fact, as correctly noted in plaintiff's objections, plaintiff referenced the ages of said defendants but did not submit any actual evidence" as to their ages. The appellant also did not supply the date of the Smiths' marriage. In his *Page 7 
revised decision, the magistrate assumed that Jewell Smith was the maximum age shown on the calculation tables and that Oliver Smith was the minimum age.
 {¶ 12} The court denied appellant's objections to the revised decision, and adopted it as a final judgment of the court, which appellant timely appealed, raising nine assignments of error.
ASSIGNMENT OF ERROR ONE "THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW."
 {¶ 13} The first assignment of error will not be addressed by this court given appellant's failure to cite authority. Appellant contends, inter alia, that the trial court's ruling regarding the granting of its motion for default was against the manifest weight of evidence and in error in rendering a "conditional default" against Oliver W. Smith, the holder of a dower interest. However, in doing so, appellant fails to list and analyze the trial court's ruling on his motion for default and offers no legal authority to support any of its legal arguments and hypothetical questions set forth in the first assignment of error. The court finds appellant's brief with regard to this assignment of error inadequate, and pursuant to App. R. 16(A)(7) and App. R. 12 (A)(2), the court chooses to disregard this assignment of error. See State v.Deitz, Lorain App. No. 0088885, 2007-Ohio-2439; Abon, Ltd.v.Transcontinental Ins. Co., Richland App. No. 2004-CA-0029,2005-Ohio-3052. *Page 8 
ASSIGNMENT OF ERROR TWO "THE TRIAL COURT ERRED IN FINDING THAT THE DOWER INTEREST OF OLIVER W. SMITH COULD NOT BE DEFAULTED AND IS REQUIRED TO BE PAID PURSUANT TO OHIO REV. CODE SECTION 2103.041."
 {¶ 14} There is confusion caused by the appellant's utilization of the word "conditionally defaulted" in its argument in support of appellant's second assignment of error which contends that "the trial court erred in finding that the dower interest of Oliver W. Smith could not bedefaulted and is required to be paid pursuant to R.C. 2103.041." This issue is separate and apart from examination as to whether the court properly granted a default judgment as to either spouse. Appellant is mixing the concept of "default" with the court's conditional determination of the actual monetary valuation of the dower interest in relation to ultimately foreclosing Jewell W. Smith's right to redemption and enforcing the security, i.e., reformation of the note and mortgage for payment of the debt by decree of foreclosure and sale.
 {¶ 15} This assignment of error challenges the trial court's recognition of the inchoate right of dower of a person not a party to the contract of mortgage in granting appellant's motion for default. Therefore, the court will limit its discussion of this assignment of error to that challenge as raised by the exact language of the assignment. The court's method of determination of the value of the dower interest is addressed by assignments of error three though five, which question the conditional nature of the calculation of the contingent dower interest. *Page 9 
 {¶ 16} In granting appellant's motion for default as to appellant's claims against Jewell W. Smith, the trial court made a final determination of priorities in the marshaling of interests and liens in the reformation of the note and mortgage as to Jewell W. Smith. In doing so, it correctly made a determination that Oliver W. Smith's right of dower took priority over appellant's lien. A failure of the spouse to release his or her statutory right of dower when an owner conveys or encumbers the property (except tax lien) leaves the property subject to an outstanding-"inchoate"-interest, which vests upon the death of the consort and becomes a one-third life interest in the realty. See Knueste Levey, Ohio Real Estate Law Practice: Inchoate right of dower of person not a party to contract of sale, Section 9.4.
 {¶ 17} In granting the motion for default against Oliver W. Smith, the trial court granted all relief requested by appellant in its complaints except barring, extinguishing, or "defaulting" the dower right of Oliver W. Smith. As further stated in Knueste Levey "[i]n an action involving the judicial sale of real property, the owner's spouse may be made a party to the action and the dower interest of the spouse may be subjected to the sale without the spouse's consent. The court, in accordance with R.C. 2131.01, must award the spouse the present value of the dower interest. This award is to be paid out of the proceeds of the sale according to the priority of interests determined by the court. The award removes the spouse's dower interest from the subject property so that the purchaser (as to dower, at least) takes a marketable title." Id. *Page 10 
 {¶ 18} The trial court recognized its obligation to follow the legislative mandates of R.C. 2103.041 in its fashioning of a final judgment of default against Jewell W. Smith, reviewable because of the inclusion of the "no just reason for delay" language of Civ. R. 54(B) in the trial court's final order adopting the magistrate's revised decision. The specific language of R.C. 2103.041 clearly prohibits such requested relief and states:
 "In any action involving the judicial sale of real property for the purposes of satisfying the claims of creditors of an owner of an interest in the property, the spouse of an owner may be made a party to the action, and the dower interest of the spouse, whether inchoate or otherwise, may be subjected to the sale without the consent of the spouse. The court shall determine the present value and priority of the dower interest in accordance with section 2131.01 of the Revised Code and shall award the spouse a sum of money equal to the present value of the dower interest, to be paid out of the proceeds of the sale according to the priority of the interest. To the extent that the owner and the owner's spouse are both liable for indebtedness, the dower interest of the spouse is subordinate to the claims of their common creditors." (Italicized portions left out of appellant's brief.)
 {¶ 19} The granting of the default motion as to Oliver W. Smith is not at all conditional; everything requested by appellant was granted except relief that the court could not grant as a matter of law, i.e., extinguishment of Oliver W. Smith's dower interest by virtue of his failure to answer. The court in its default judgment as to the Smiths, granted a permanent bar from asserting any right, title, or interest in and to 1534 East 81st Street, Cleveland, Ohio, making it possible for the future purchaser at sheriff's sale to take a marketable title. *Page 11 
 {¶ 20} The formulation of the trial court's judgment in the granting of the default as to Jewell W. Smith is the focal point of appellant's appeal. Appellant does not want its interest subject to the priority of what is not merely another lien, but a dower right, a chose in action. Appellant simply does not want to acknowledge that in granting the default judgment as to Jewell W. Smith, the trial court by law is required to acknowledge the priority of a dower right over any lien (except tax lien), including that of appellant. Admittedly, to do so is cumbersome and a time consuming procedure, which does not streamline the lender's efforts to attempt to extinguish a dower right, marshal liens, and reform the mortgage and note.
 {¶ 21} This court held in First National Association v. Parker, Cuyahoga App. No. 88534, 2007-Ohio-3066, that "[t]he right of dower grows out of the marriage relationship, and a husband or wife cannot, by any act of his or her own, defeat that dower interest. It is the policy of the law to protect the dower interest whenever it is possible to do so." In re Freeman (1944), 31 O.O. 232, 235.
 {¶ 22} As explained by the trial court, Oliver W. Smith did not have to be joined as a party as alleged in the motion for leave to file the supplemental complaint, as R.C. 2103.041, by its very language, does not require a spouse to assert his or her own dower interest, be it inchoate or vested. The specific language states that the dower interest, be it inchoate or vested, may be subject to sale without the consent of the spouse (hence, no real need to join the unknown or known spouse). It does not *Page 12 
state that the dower interest if extinguished with or without the consent of the spouse may be subject to sale.
 {¶ 23} Given Jewell W. Smith was married to Oliver W. Smith at the time of the execution of the mortgage, and Oliver W. Smith did not join in the execution of the mortgage, the mortgage is subject to the dower interest of Oliver W. Smith. R.C. 2103.02; Jewett v. Feldheiser (1903),68 Ohio St. 523, syllabus at paragraphs two and three.[2] One exception where the term "vested dower" has not been abolished is to the extent that real property during the marriage was encumbered by mortgage without the spouse joining in the mortgage or by judgment lien without the spouse having relinquished or been barred of dower. In reFreeman (1944), 31 O.O. 232, 235.
 {¶ 24} R.C. 2103.041 specifically states that the court shall determine the present value and priority of the dower interest in accordance with R.C. 2131.01, and the court, thereafter, shall award the spouse a sum of money equal to the present value of the dower interest, and to be paid out of the proceeds of the sale according to the priority of interest. A court cannot preserve or bar inchoate dower rights or dower burdens when such rights or burdens are created by statute. SeeGoodman v. Gerstle (1952),158 Ohio St. 353. *Page 13 
 {¶ 25} Appellant cites this court's decision in Central Natl. Bank v.Perry (1990), Cuyahoga App. No. 56831, 1990 Ohio App. Lexis 1362, wherein we held, as stated in R.C. 2103.041, that a dowager's interest in property could be foreclosed in a situation where she was made a party to the foreclosure action and she failed to answer. Appellant submits that although the appeal did not turn on the issue, it cannot go unnoticed that this court permitted the judicial sale of the property without valuing and holding funds for the dower of the non-answering spouse, when her husband attempted to stop the foreclosure because she did not sign the mortgage. We agree with the following response to this observation by the trial court:
 "The issue on appeal in Central National Bank v. Perry is whether the failure of a spouse to execute a mortgage can preclude the foreclosure of the mortgage. As noted by Central National Bank v. Perry, R.C. 2103.041 unequivocally provides that dower can be foreclosed in a judicial sale without the consent of the spouse. The payment of dower was not at issue in this case. Accordingly, the purported failure of the Court in Central National Bank v. Perry to pay dower is not instructive in this case." (Internal citations omitted.) (Magistrate's revised decision, fn. 2.)
 {¶ 26} The trial court correctly fashioned its final judgment of default against the Smiths, as it recognized its obligation to follow the legislative mandates of R.C. 2103.041 to protect the dower interest. A court in reviewing the granting of a motion for default must ascertain that all relief requested is correct as a matter of law. As stated inBuckeye Supply Co. v. Northeast Drilling Co. (1985), 24 Ohio App.3d 134, and cited in appellant's brief "[i]t is well-settled in Ohio that a default judgment is improper when the complaint fails to state a cause of action against the defaulting *Page 14 
defendant." The trial court did not err in determining that the dower interest of Oliver W. Smith could not be extinguished, barred, or "defaulted," and that it was required to award him "a sum of money equal to the present value of the dower, to be paid out of the proceeds of the sale according to the priority of the interest" given the explicit language of R.C. 2103.041.
 {¶ 27} The second assignment of error is overruled.
 {¶ 28} The appellant, in its brief, merged assignments of error three, four, five and six. However, only assignments of error three, four, and five raise error as to the nature of the court's conditional determination of the actual monetary value of the dower interest of Oliver W. Smith in granting the default judgment motion. Assignment of error six, dealing with segregation of the funds, will be addressed separately.
ASSIGNMENT OF ERROR THREE "THE TRIAL COURT ERRED IN FINDING AND VALUING DOWER WHEN THERE WERE NO FACTS BEFORE THE COURT UPON WHICH TO VALUE THAT DOWER."
ASSIGNMENT OF ERROR FOUR "THE TRIAL COURT ERRED IN DETERMINING AND VALUING DOWER HYPOTHETICALLY IN ORDER TO WITHHOLD THE LARGEST POSSIBLE DOWER INTEREST."
ASSIGNMENT OF ERROR FIVE *Page 15 "THE TRIAL COURT ERRED IN CONDUCTING AN INVESTIGATION AS TO THE FACTS SURROUNDING THE DOWER INTEREST OF OLIVER W. SMITH."
 {¶ 29} In these three assignments of error, which were not clearly or separately argued as required by the appellate rules, appellant challenges the conditional nature of the calculation of the contingent dower interest.
 {¶ 30} We are mindful that the standard of review of a court's ruling on a motion for default is abuse of discretion. Masny v. Vallo, Cuyahoga App. No. 84983, 2005-Ohio-2178; Turnbull v. Arthur, Delaware App. No. 05CAE0500029, 2006-Ohio-1669. As stated in Turnbull, "[i]n order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably."Turnbull at T|15, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 31} In Blakemore, the Supreme Court of Ohio held that "a trial court in any domestic relations action had broad discretion in fashioning an equitable division of marital property, and when appropriate, in awarding alimony based on need." Id. at 219. (Citations omitted.)
 {¶ 32} Recognition of the trial court's wide authority in fashioning remedies in equity caused the court in Johnson v. Cromaz, Geauga App. No. 2000-G-2323, 2001-Ohio-7070, *Page 16 
to refer to the Blakemore "abuse of discretion" standard in a case dealing with the equitable remedy of marshaling of assets. "The determination of whether to marshal assets lies in the discretion of the trial court." Toledo Blank, Inc. v. Pioneer Steel Serv. Co. (1994),98 Ohio App.3d 109. Thus, the decision of the trial court will not be disturbed absent a finding of abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable." Blakemore at 219. This same standard should also be applied in review of foreclosure cases dealing with the equitable remedy of marshaling of liens as presented in the instant case.
 {¶ 33} As the trial court determined that Oliver W. Smith's dower interest is not extinguishable, the court in the exercise of its equitable powers had to fashion a remedy recognizing the interests of not only the appellant but also of Oliver W. Smith, as affected by its findings in the marshaling of interests and liens in the foreclosure proceeding. Given the doctrine of marshaling of liens is an equitable doctrine, when the proceeds of a particular fund have been appropriated in good faith, equity should not disturb such appropriation. See,Defrees v. Greenham (1860), 11 Ohio St. 486; see, also, St. ClairSavings Assn. v. Janson (1974), 40 Ohio App.2d 211.
 {¶ 34} Appellant's merged assignments of error focus on its refusal to provide the court with evidence pertaining to the court's decision to value and preserve Oliver Smith's dower interest in granting its motion for default as to the Smiths. What appellant, movant for default judgment, fails to acknowledge is that, under the *Page 17 
principle of plenary equitable jurisdiction, the trial court may grant in the foreclosure proceedings the incidental law relief of a deficiency judgment. As explained in Dawes v. Murphy (1963), 119 Ohio App. 201, "[m]ortgage foreclosure necessarily rests on the existence of a debt and equity enforcement of that obligation by a decree of foreclosure and sale. Under the principle of plenary equitable jurisdiction, equity may also grant in the foreclosure proceedings the incidental law relief of a deficiency judgment." Id. at 203.
 {¶ 35} Since the marshaling of liens is an equitable doctrine, it is fundamental that he who comes into equity must come with clean hands. See Cromaz at 6, dealing with marshaling of assets. Appellant, who "refers" to the ages of the Smiths but objects to the magistrate's utilization of those dates without evidence, and who will not present evidence as to the date of marriage of the Smiths, cannot be heard in equity to complain about what is denominated as the "speculative highest and lowest ages values" and the "let's wait and see" aspects of the trial court's finding.
 {¶ 36} Appellant cannot be said to come into the foreclosure process with clean hands. It has to prove the priority of its mortgage in relation to the dower interest, yet refuses to assist the trial court in the determination as to the value of the dower interest. This valuation is necessary to the determination of whether it will recover anything from the sale proceeds, and, if so, in what amounts. The information as to the ages of the borrower and her spouse and the date of their marriage is readily *Page 18 
accessible to the movant by public record requests or discovery requests directed to parties or nonparty entities.
 {¶ 37} The trial court made a determination that the dower interest had to be valued and the ultimate determination of the dower held in abeyance "until a party produces evidence as to the date of marriage and the ages of the Smiths." The court continued that "[w]hen this information is provided, the exact value of the dower can be determined and will be distributed to Oliver W. Smith." This finding is certainly within the parameters of Civ. R. 55 and the court's equitable powers in the marshaling of liens.
 {¶ 38} Civ. R. 55(A) Entry of judgment, states as follows:
 "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *." (Emphasis added.)
 {¶ 39} Civ.R 8(D) Effect of failure to deny, states:
 "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." (Emphasis added.)
 {¶ 40} The case cited by appellant with regard to Civ. R. 8(D) and the need for evidence at hearing as to the damages, Columbus Mgt. Co. v.Nichols (1992), Franklin App. No. 92AP-191, citing Buckeye SupplyCo., does not deal with a *Page 19 
situation under Civ. R. 8(D), such as the case sub judice, where the challenged calculation is not one of "those as to the amount of damage" to a plaintiff, but is rather one dealing with the calculation of an inextinguishable dower interest of a dowager. The last sentence of Civ. R. 8(D) is determinative herein. Averments in a pleading to which no responsive pleading is required or permitted was taken by the trial court herein as denied or avoided.
 {¶ 41} We will not reverse a determination of the trial court supported by some competent, credible evidence going to the essential elements of the case where the trial court in the exercise of its equity powers deems it necessary to have future hearings with regard to the granting of the default judgment, which is specifically contemplated by the language of Civ. R. 55 cited herein. See C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 42} Assignments of error three, four and five are not well taken and are overruled.
ASSIGNMENT OF ERROR SIX "THE TRIAL COURT ERRED IN ORDERING THE SHERIFF TO HOLD A SUM OF MONEY UPON THE DETERMINATION OF THE VALUE OF OLIVER W. SMITH'S DOWER INTEREST."
 {¶ 43} Appellant's brief does not contain any argument with regard to the contentions set forth in his sixth assignment of error, nor does it set forth any reasons or citations to authorities in support of the assignment as required by App. R. 16(A)(7). However, despite appellant's failure to comply with the appellate rules, the court *Page 20 
chooses to address this assignment of error. See State v. Wilson, Franklin App. Nos. 05AP-939, 05AP-940, 05AP-941, 2006-Ohio-2750, at ¶ 7.
 {¶ 44} Although inchoate right of dower becomes choate only upon the death of a spouse, such right may be protected by a court in a judicial sale of real estate by sequestering from the proceeds of the sale, pending the determination of the contingency of such right, an amount equal in value to the calculated value of such dower interest.Liberty Folder Co. v. Anderson (1949), 86 Ohio App. 399, at syllabus.
ASSIGNMENT OF ERROR SEVEN "THE TRIAL COURT ERRED IN FINDING THAT THE VALUE UPON WHICH THE DOWER INTEREST OF OLIVER W. SMITH SHOULD BE CALCULATED IS THE VALUE OF THE PROPERTY AT SHERIFF'S SALE."
 {¶ 45} This assignment of error addresses the trial court's use of market value as the sale price at judicial sale as the basis of the calculation of the dower interest of Oliver W. Smith, rather than the property's fair market value, which appellant contends is mandated byStand Energy Corp. v. Epler, 163 Ohio App.3d 354, 2005-Ohio-4820.
 {¶ 46} According to Stand Energy Corp., the valuation of dower is based on the total market value of the property, except in situations where a mortgage is a purchase money mortgage and where the dower interest is acquired after a mortgage has fallen into default. According to the trial court, appellant did not show that its mortgage was a purchase money mortgage or that the mortgage was in default on or *Page 21 
before the date of the Smiths' marriage, the date when Oliver W. Smith acquired his dower interest.
 {¶ 47} The trial court found that courts in Ohio have held that proceeds of a judicial sale of property are equivalent to market value, citing Nichols v. French (1910), 83 Ohio St. 162, 167-68, for this proposition. It also referred to our decision in First Bank Natl. Assn.v. Parker, Cuyahoga App. No. 88534, 2007-Ohio-3066, which references the trial court's affirmance of the magistrate's decision, which rejected a mortgagor's argument urging the use of the property's full appraised value as the basis of the property value when calculating dower and, instead, adopted the use of the sheriff's sale valuation as the basis for calculating dower.
 {¶ 48} Appellant, movant for default judgment, failed to produce any evidence of the valuation of the property at the scheduled hearing, either by testimony or by means of a sworn affidavit offered in support of its motion for default. There was no evidence whatsoever proffered by appellant on its motion for default as to the value of the property on which a determination of the value of Oliver W. Smith's dower would be determined, even if the trial court wanted to accept its proposed standard.
 {¶ 49} Furthermore, appellant has failed to demonstrate from the record herein any prejudicial error resulting from the court's utilization of a method of calculation based on the sheriff's sale purchase price, rather than its favored standard of present *Page 22 
fair market value of the property, without any evidence in support of its proposed standard.
 {¶ 50} Mindful that "[t]he term abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable," we cannot find that the decision of the trial court to use the sheriffs sale price in its calculation was unreasonable, arbitrary or unconscionable.Blakemore at 219.
 {¶ 51} Appellant's seventh assignment of error is overruled.
ASSIGNMENT OF ERROR EIGHT "THE TRIAL COURT ERRED IN CALCULATING THE INTEREST OF OLIVER W. SMITH UNDER THE BOWDITCH TABLE AND IRS TABLES."
ASSIGNMENT OF ERROR NINE "THE POLICY OF THE TRIAL COURT TO REQUIRE THE VALUATION OF INCHOATE DOWER WHEN THE DOWAGER HAS NOT ANSWERED VIOLATES THE PRINCIPLES OF JUDICIAL ECONOMY, FINALITY OF JUDGMENTS AND DECIDING."
 {¶ 52} The court will not address assignments of error eight and nine.
 {¶ 53} The appellant in addressing its eighth assignment of error stated: "For purposes of this appeal, the use of one or the other methodology is unimportant." Moreover, appellant offers no separate legal authority to support its legal arguments herein, which it states is unimportant. In regard to the eighth assignment of error, the court finds appellant's brief inadequate and chooses to not address it pursuant to App. R. 16 (A)(7). *Page 23 
 {¶ 54} With regard to the ninth assignment of error, referring to a "policy" of the trial court, as appellant fails to meet the standards set forth in App. R. 16(A)(7), and App. R. 12(A)(2), we also choose to disregard it. See Deitz; see, also, Transcontinental Ins. Co.
 {¶ 55} The authority cited by appellant as supporting finality of judgments is inapposite. The case of Pearn v. Daimler ChryslerCorp. (2002), 148 Ohio App.3d 228, cited by appellant, deals with motions to vacate judgments, which is presented here. The only other authority cited by appellant is Civ. R. 5(D), which is alleged to be authority for the statement that the trial court's decision violates the principle that courts prefer to decide cases on the merits. As Civ. R. 5(D) deals with the filing of pleadings and papers subsequent to the filing of the original complaint, we find that it is also inapposite.
 {¶ 56} The judgment of the trial court is affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 24 
KENNETH A. ROCCO, J., CONCURS
SEAN C. GALLAGHER, P.J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION).
[1] At common law, dower meant the legal right or interest which a wife acquired by marriage in the estate of her husband. The husband's statutory right of dower was established to replace the right of curtesy, which was abolished by statute. Statutory dower, which has replaced common-law dower, is defined as a life estate in one-third of the real property seized as an estate of inheritance at any time during the marriage." 45 O.Jur.3d, Family Law _71.
[2] Plaintiff argues that Jewett was decided prior to 1932, when dower was considered an interest in real estate. However, the purpose of enacting the dower statute, R.C. 2103.02, was to terminate dower interests generally, and to retain them only under exceptions in the statute. Disher v. Disher (Jan. 14, 1936), Darke App. No. 491, 8 O.O. 203, 21 Ohio Law Abs. 610, 35 N.E. 582.