OPINION *Page 2 
{¶ 1} Richard Cunningham ("Appellant"), a creditor of the Estate of Randy L. Schaffernocker, appeals the September 20, 2007, entry of the Stark County Probate Court granting Dianne L. Schaffernocker, the surviving spouse, a dower interest in the marital residence of the Schaffernockers.
 {¶ 2} The Schaffernockers were married and jointly purchased their residence located at 2714 Tulip Street NE, Canton, Ohio. Randy Schaffernocker died on February 16, 2002, and Dianne Schaffernocker was appointed Executor of his estate on March 20, 2002.
 {¶ 3} On December 26, 2006, Dianne Schaffernocker, in her capacity as Executor, filed an Amended Complaint to sell the residence. She alleged that Randy Schaffernocker was seized of an undivided one-half interest of the residence at the time of his death and she was the owner of a dower interest in his interest. Attached to the Complaint was a title search of the property conducted by Approved Statewide Title listing a mortgage on the property by Stark Ready Mix Supply Co. ("Mortgagee") in the amount of $194,570.58 which was filed on October 1, 1991. Diane Schaffernocker alleged in the Amended Complaint that the Mortgagee is "a lienholder whose claims affect said real estate or a part thereof, and all other persons having adverse interests in said real estate."
 {¶ 4} The Mortgagee was named as a defendant and duly served by certified mail with the Amended Complaint on January 3, 2007. The Mortgagee did not answer or otherwise appear in the action. A default judgment was rendered against it on February 23, 2007 and the residence was ordered to be sold free of all liens. *Page 3 
 {¶ 5} An appraisal of the property was filed on January 28, 2007, estimating the residence to be worth $213,500.
 {¶ 6} On April 19, 2007, Appellant requested a hearing upon the claim of dower. A hearing was conducted on June 6, 2007. Diane Schaffernocker testified as follows:
 {¶ 7} "Q: At some point during the (not audible) proceeding did you come to understand that in 1991 your husband encumbered your property to Stark Ready Mix?
 {¶ 8} "A: Not really. That only really came to light within this past 6 or 8 months.
 {¶ 9} "Q: Were you prior to that ever aware of that encumbrance?
 {¶ 10} "A: No.
 {¶ 11} "Q: Had anyone ever asked you to sign anything with relation to any kind . . .
 {¶ 12} "A: Never, no.
 {¶ 13} "* * *.
 {¶ 14} "Q: Are you aware that the `91 mortgage was to secure a note in regard to (not audible) a hundred and ninety four thousand dollars?
 {¶ 15} "A: That come to light just within the past several months, yes.
 {¶ 16} "* * *.
 {¶ 17} "Q: Mrs. Schaffernocker you have become aware that there is an existing owner's lien on your home for the value of that note, is that correct?
 {¶ 18} "A: Yes, I do know that.
 {¶ 19} T. 4 — 8.
 {¶ 20} Thereafter evidence was presented through an expert witnesses, Carl Fiocca, who opined that Randy Schaffernocker's half interest in the residence was *Page 4 
$213,500 and then calculated Diane Schaffernocker's proposed dower interest based upon tax considerations, interest rates, mortality tables. T. 10-12.
 {¶ 21} Post hearing briefs were submitted by the parties. On September 20, 2007, the trial court found Diane Schaffernocker was entitled to dower in the amount of $55,176.44 pursuant to R.C. 2103.02. The trial court specifically found "[a]s of Decedent's date of death, the real property was subject to the open-ended mortgage held by Stark Ready Mix."
 {¶ 22} Appellant timely appealed and raises a single Assignment of Error:
 {¶ 23} "I. THE TRIAL COURT ERRED IN ORDERING THAT APPELLEE IS ENTITLED TO A DOWER INTEREST IN REAL ESTATE BY HER DECEDENT SPOUSE."
 I. {¶ 24} Appellant argues the trial court erred as a matter of law because Diane Schaffernocker failed to meet her burden to establish the amount of the encumbrance at the time of Randy Schaffernocker's death. We disagree.
 {¶ 25} It is settled law that where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by a reviewing court. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279.
 {¶ 26} R.C. 2103.02 Dower, provides in pertinent part: *Page 5 
 {¶ 27} "A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of the consort except:
 {¶ 28} "* * *;
 {¶ 29} "(B) To the extent that any such real property during the marriage was encumbered by the deceased consort by mortgage, judgment, lien, except tax lien, or otherwise or aliened by involuntary sale, the surviving spouse not have relinquished or been barred from dower therein. If such real property was encumbered or aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or at the time of such alienation, but not upon an amount exceeding the sale price of such property."
 {¶ 30} Ohio recognizes dower interest arises when property is purchased during a marriage and continues unless the interest is specifically released, and such a release must be done in writing and recorded. Ogan v. Ogan (1997) Ohio App.3d 580, 702 N.E.2d 472. Either spouse is entitled to a one-third dower interest in real property to provide for lifetime protection for widow or widower. See, StandardFederal Bank v. Staff, 168 Ohio App.3d 14, 19-21, 857 N.E.2d 1245
(providing a historical overview of dower); Deutsche Bank Trust Co.Americas v. Smith, Cuyahoga App. No. 89738, 2008-Ohio-2778, ¶ 21, citation omitted ("It is the policy of the law to protect the dower interest whenever it is possible to do so."). *Page 6 
 {¶ 31} Although Dianne Schaffernocker was unaware of the mortgage during the marriage, the trial court correctly recognized that the Schaffernocker's residence was encumbered by the Stark Ready Mix mortgage at the time of Randy Schaffernocker's death. Of importance to the dower determination was the fact that Dianne Schaffernocker did not release her dower interest prior to his death, not her lack of knowledge of the encumberance upon their property.
 {¶ 32} Next the trial court examined the records of the Stark County Recorder's Office and found the Stark Ready Mix mortgage had not been released. At hearing, no evidence was presented to the trial court demonstrating that the mortgage had been satisfied or released. We decline to infer, as urged by Appellant, that the Mortgagee's failure to respond to the land sale Complaint and subsequent default judgment should be evidence that the mortgage was satisfied. We agree with the trial court that the Mortgagee had the right to make a claim against the estate of Randy Schaffernocker and it's failure to do so does not affect the validity of the lien, R.C. 2117.10 states:
 {¶ 33} "The failure of the holder of a valid lien upon any of the assets of an estate to present his claim upon the indebtedness secured by such lien, * * * shall not affect such lien if the same is evidence by a document admitted to public record * * *."
 {¶ 34} At hearing the amount of the Mortgagee's encumbrance was demonstrated to be approximately $194,000. No evidence was adduced to indicate any change in this amount even though the mortgage deed stated repayment was due in June 1, 1993.
 {¶ 35} Upon review of the record, we conclude there is competent evidence to support the trial court's judgment. *Page 7 
 {¶ 36} Accordingly, we overrule Appellant's single assignment of error.
 Delaney, J. Farmer, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1